McTeer and Wife *v.* Lebow and others.

(*Knoxville.*    October 7th, 1886.)

1. COUNTY COURT. *Justices' liability.    Taking guardian bonds.*

   If a Chairman of a County Court, through his gross negligence, *take* and *approve* a guardian bond, insufficient in amount of penalty, and number and solvency of sureties, whereby loss befalls the wards, yet he cannot be held personally responsible for such loss, unless it is averred and proved that his neglect of duty was willful and malicious.

   Cases cited and approved: Boyd *v.* Ferris, 10 Hum., 406; Spears *v.* Smith, 9 Lea, 486.

2. SAME.    *Same.    Renewals of guardian bonds.*

   Justices of a County Court negligently failing to require the biennial *renewals* of a guardian's bond, whereby the ward sustains loss, cannot be held personally responsible for such loss, unless they *knowingly* omitted their duty in this regard.

   (See Code, § 3371 (M. & V.), § 2501 (T. & S.)

---

FROM BLOUNT.

---

Writ of error to Chancery Court, Blount County. December Term, 1885.    W. B. STALEY, Ch.

R. N. HOOD and W. A. McTEER for Complainants.

CATES & SON, and S. P. ROWAN, for Defendants.

SNODGRASS, J.    This is a suit against the Chairman, who took, and certain Justices of the County Court of Blount County, who failed to require the

renewal of, the bond of Joseph Miller, as guardian of Ruth Jeffries, now Ruth McTeer, complainant.

Miller was appointed guardian on the 1st day of February, 1869, and entered into bond in the penalty of $150, with one surety, then insolvent. At the time of the execution of this bond Defendant Goddard was presiding in the County Court. There was then due to the ward $211.20 from the United States Government, she being entitled under the pension laws to an allowance of eight dollars per month from the 19th November, 1866.

The charge as to Goddard is that he knowingly failed in the discharge of his duty in taking a grossly insufficient bond, in which the penalty was much less than the amount due the ward, and in taking security which was wholly insolvent, and in taking or requiring only one security, whereas the statutes pointedly require two or more sufficient sureties, and that the conduct of Defendant Goddard in this respect was grossly negligent.

In reference to the other defendants, who were Justices of the County Court for the several years to the majority of the ward, it is charged that they knowingly, willfully, and maliciously failed to require the renewal of said bonds, the rendering of accounts by the guardian, and his removal, etc.

It was then alleged, and subsequently proven, that complainants sustained a loss of over $2,000 in consequence of this neglect.

The evidence sustained no part of the charge as to the Defendant Justices, except that these

McTeer and Wife *v.* Lebow and others.

defendants failed to require the performance of the alleged duties of the guardian to renew his bond and make settlements, and in this, of course, they were negligent, but it does not appear that they knowingly failed to do it. Their attention does not appear to have been called to it; and there is nothing in the omission, on their part, except negligence.

As to the Chairman, Goddard, it may be said that the evidence was better than the allegation. He was shown to have been grossly negligent in taking the bond. But the proof is probably, and the allegation certainly, insufficient upon which to base a decree against him.

It has been repeatedly held that, in order to charge a Justice of the County Court with personal liability for failure to discharge his duty in the taking and approving of a guardian's bond, it must be alleged and proven that his conduct was willful and malicious. *Boyd* v. *Ferriss*, 10 Hum., 406; *Spears* v. *Smith*, 9 Lea, 486.

The decree dismissing the bill at complainants' cost is, therefore, correct, and must be affirmed, with cost of this Court.