MAXWELL *v.* STUART.

(*Knoxville.* September 25, 1897.)

1. STATUTES. *Repeal of, by implication. Example.*

Acts 1871, Ch. 65, prescribing duties of Clerks, Registers, and other officials, in relation to keeping indexes of the records of their respective offices, and defining their liability, both civil and criminal, for failure to do so, operates to repeal, by implication, the pre-existing statutes prescribing duties and defining liabilities of Registers of Deeds in this respect. The later statute covers the entire subject-matter of the earlier ones, and of necessity repeals them. (*Post, pp. 414–416.*)

Act construed: Acts 1871, Ch. 65.

Code construed: § 567 (S.); §§ 528, 456a (M. & V.); §§ 454, 456 (T. & S.).

Cases cited and approved: Terrell *v.* State, 86 Tenn., 523; Poe *v.* State, 85 Tenn., 495; The Druggists' Cases, 85 Tenn., 450.

2. REGISTER OF DEEDS. *Liability for failure to keep full index.*

The failure of a Register of Deeds, through mistake of judgment, unattended by such circumstances of gross and inexcusable negligence as implies willfulness, to index a trust deed in the names of both of its makers, does not render him liable on his official bond to the party thereby injured, under Acts 1871, Ch. 65, prescribing the duties of Registers with regard to indexes, and making any Register liable on his bond who shall "willfully violate" the statute in this respect. (*Post, pp. 416–419.*)

Act construed: Acts 1871, Ch. 85.

Cases cited: McTeer *v.* Lebow, 85 Tenn., 123; Boyd *v.* Ferris, 10 Hum., 406; Spears *v*, Smith, 9 Lea, 486.

3. SAME. *Method of indexing.*

The names of both makers of a trust deed should be indexed by the Register, where separate parcels of land belonging to each

Maxwell *v.* Stuart.

maker, separately and individually, are conveyed by such deed. (*Post, pp. 417, 418.*)

Act construed: Acts 1871, Ch. 85.

### FROM WASHINGTON.

Appeal from Chancery Court of Washington County. H. T. CAMPBELL, Ch., sitting by interchange.

KIRKPATRICK, WILLIAMS & BOWMAN for Maxwell.

DEADERICK & EPPS and NEWTON HACKER & SON for Stuart.

WILKES, J. This is a bill filed against the Register of Washington County, and the sureties on his official bond, for failing to properly index a mortgage upon the real estate of William Harr in the index of the record book in his office.

The Chancellor refused any relief and complainant appealed. The Court of Chancery Appeals reversed the holding of the Chancellor, and held the defendants liable for damages, and fixed the basis on which they would be computed, and defendants have appealed to this Court and assigned errors.

The facts, as found and reported by the Court of Chancery Appeals, are that complainant, who is a resident of Connecticut, made a loan of $2,500 to

William Harr. The loan was negotiated for Harr by one Brading, a resident of Johnson City, and one Jacobs, who lived at some point North. As a condition of the loan, complainant exacted mortgage security upon unincumbered real estate, and that an abstract of title showing these facts should be furnished to him.

Brading and Harr solicited Mr. Faw, of Johnson City, a competent attorney, to prepare the abstract of title for them. Complainant did not know Faw in the matter, and had no contract with him and nothing to do with his selection. Complainant accepted the abstract prepared by Faw for Harr when it was brought to him, and, upon the faith of it, took the mortgage and loaned the money. Faw, Jacobs, and Brading were all to be directly or indirectly paid by Harr, and complainant was not obligated to pay anything, nor did he pay anything to either of them. John E. Harr, the brother of Wm. Harr, was selected as trustee, and complainant assented thereto, but had nothing to do with his selection.

John E. Harr and wife and Wm. Harr and wife, some weeks before this mortgage was executed, had joined in a trust deed to Newton Hacker, to secure a debt to the Watauga Bank, each conveying separate property of his own, and Wm. Harr conveying the real estate he afterward mortgaged to his brother, John E., for the benefit of complainant.

This deed of trust to Hacker was regularly reg-

istered when it was made, and before the mortgage for complainant's benefit, and was entered by the Register in the note book, "Harr, Will, *et als.*, to Hacker, Newton, trustee." In the volume in which it was registered it was indexed "John E. Harr *eq als.* to Newton Hacker, trustee."

Both these books were in the Register's office when Mr. Faw made his abstract, but he only examined the index of the latter, and from it made his abstract; and, as it did not show that Wm. Harr had joined in the trust deed to Hacker, the incumbrance created thereby did not appear in the abstract of title.

Complainant, soon after the first installment of interest was paid on his debt, learned of the defect in the title and the incumbrance on the land by the Hacker. trust deed, and he thereupon sold and transferred his notes and mortgage to the Citizens' Bank for $1,975, receiving from the bank time certificates of deposit therefor. Some question afterward being made as to the authority of the officers of the bank to buy the notes and mortgage, complainant repurchased them from the bank, and the complainant's notes and mortgage were returned to him, and he received from the bank, in addition, a note amounting to $575 as one of the terms of the repurchase. Complainant took judgment against Wm. Harr on his debt, and execution as to him has been returned *nulla bona.* The property conveyed for complainant's benefit would have been amply sufficient to protect

his debt but for the prior mortgage to Hacker; as it is, it has all been consumed by that mortgage.

The Court of Chancery Appeals find that the Register was guilty of no willful negligence, but was under the impression that the indexing had been done according to law, and that all that the statute required had been done.

The registration and indexing in controversy in this case were done before the Act of 1893 was passed, and hence it is not to be considered in determining the duties and liabilities of the Register. The Acts directly bearing upon the matters of indexing, and the liability of the Register therefor, are the Acts of 1839, Ch. 26, Sec. 12, which was brought into the Code of 1858 as Subsec. 11 of § 454, and is in these words: ''To place any instrument he registers, at the time of registration, in the index of the book in which it is registered, under the initial letter, as well the name of the bargainor as of the bargainee.'' See Code of 1858, § 454, subsec. 11.

Section 455 of the Code of 1858, provides as follows: ''For failing to make such index, the Register shall forfeit one hundred dollars, one-half to the use of the State and the other half to the person who shall sue for the same. This was also a provision of the Act of 1839, Sec. 456. Code of 1858 provides that, '' upon failure to perform any of said duties, the Register may be indicted, and, on conviction, fined and imprisoned, and shall be civilly responsible to any person injured by the failure.''

This was from the Act of 1841, Ch. 12, Sec. 6. This Act of 1841, Ch. 12, did not contain any provision as to indexing, but was wholly devoted to the duties of the Register in keeping a proper note book and making proper entries thereon, and it was provided that such entry upon the note book should be notice to the whole world from the day and hour when received and noted. It was with reference to this duty that the Act of 1841 provided a civil liability against the Register, and it had no reference to the index. But when the Acts were brought forward into the Code of 1858, they were so arranged and codified that the Register was made liable civilly for a breach of any of his duties, including that of keeping a proper index, and this must therefore be treated as law at and after that time up to the passage of the Act of 1871, Ch. 85. In view of the subsequent passage of this latter Act, regulating the duties and liabilities of the Register, we need not construe the provisions of the Code of 1858, and prior Acts upon the subject.

The Act of 1871, Ch. 85, is a general law upon the subject of indexing all public records. Its caption is "An Act to require Clerks, Registers, and other public officers to keep a perfect index to all their record books." The first section provides as follows: "Hereafter, each and every Clerk of any of the Courts of this State, every Register or other public officer of this State, whose duty it may be to keep any record books wherein the record of any

Court or of any County shall be kept, to keep an index book to each book, wherein any suit, decree, judgment, sale, mortgage, transfer, lien, deed, or power of attorney or other records shall be kept, in which index, such Clerk, Register, or public officer shall enter in alphabetical order, under the name of each party, every such suit, judgment, decree, sale, deed, mortgage, or other matter of record required by law to be by him entered in the record book or books to be kept by such Clerk, Register, or other public officer, to the end that any judgment, decree, sale, conveyance, mortgage or other record may be found under the name of either party to any transaction of record.''

The second section is in these words: ''Any Clerk, Register, or other public officer required by law to keep any record book or books, who shall willfully violate the provisions of the first section of this Act, shall be deemed guilty of a misdemeanor, and on conviction shall be fined at the discretion of the Court trying the cause, and moreover he and his official sureties shall be liable to the injured party for all damages sustained by him, her, or them, in consequence of a failure to comply with the requirements of this Act, to be recovered before any Court of competent jurisdiction.

It will be seen that this Act undertakes to set out the entire duty of Clerks and Registers in regard to indexes, and it clearly contemplates that the name of either party to any transaction of record

may appear in the index. It also undertakes to define the liabilities, both civil and criminal, of the Clerk and Register, for failing to make and keep such index, and it was clearly intended to repeal all laws by implication, which were in conflict with its provisions, and to regulate the entire matter, both as to duties to be performed and liabilities to be incurred, and it must be given this effect. *Terrell* v. *State*, 2 Pickle, 523; *Poe* v. *State*, 1 Pickle, 495; *The Druggists'* cases, 1 Pickle, 450.

The proper construction of this Act of 1871 is that civil and criminal liability shall attach to the Register only in cases where the officer willfully violates the provisions of the Act and fails to keep the indexes as directed.

This being the proper construction of the Act in force when this abstract was made, the conclusion is that while the indexing was not done as the law directs, still, the Court of Chancery Appeals having found that there was no willful violation of his duty on the part of the Register, but only a mistake of judgment as to what his duty required him to do, he and his sureties are not liable for the omission. Some discretion is necessarily vested in the Register as to how he shall keep his index under the law, and if, in a *bona fide* attempt to comply with the law, he makes a mistake, which is simply one of judgment on his part, and not a willful neglect of duty, he and his sureties should not be held liable therefor. However this may be, such is the plain

provision and meaning of the law, and it must be executed as we find it, leaving it to the Legislature to amend it if desired.

The index is not an essential part of the registration necessary to make it effectual. Deeds and other instruments take effect and have force from the moment they are properly noted for registration. The index to the book in which the instrument is registered is intended to furnish a ready reference to the matters contained in the volume. But it is not required in it to state all the facts, or even a synopsis of them, so as to make an examination of the record itself unnecessary, and if an instrument be not indexed at all, or, indeed, not registered, it will still have effect if it has been properly noted in the note book. But it has never, been the practice, and certainly is not a proper construction of the Act, that the name of every party to any deed of trust or judgment shall be indexed.

If this were so, the name of each beneficiary under a deed of trust must be indexed by the Register; and in chancery causes, when there are often a dozen or sometimes a hundred parties, each name must be indexed, which would be a useless burden upon the clerks, and lead to intolerable confusion in the index to the records. While this is true, we do not mean to say that this instrument was properly indexed. Inasmuch as John E. Harr and wife and Will Harr and wife conveyed separate parcels of land belonging to each separately and individually,

15 P—27

and not to them jointly, both names should have been indexed, so as to furnish a proper guide to searchers of the record, but in view of the daily practice of Registers and Clerks in making such indexes, and in the absence of any former construction of the law, the mistake could very readily have been innocently made, and not willfully, as the Act provides it must be, in order to create liability upon the part of the Register. Nor is it intended to hold that a Register or Clerk may be so negligent as not to prepare an index with reasonable care, and then escape liability because a willful purpose to injure cannot be shown by proof, for if his negligence is gross and inexcusable, and with full knowledge that he is negligent in his duty, it will be presumed that his act was willfully done.

While this act of indexing may properly be called a ministerial one, still it is not the act of a copyist, but requires the exercise of some judgment and discretion upon the part of the Register. It is a duty somewhat similar to that required of Justices or Judges of the County Court in regard to the renewal of guardian bonds, under § 4267 of the Shannon Code. In construing that section, it has been held the duties required by it are ministerial, but that the action of the Justices must be alleged to have been willful and malicious, either in terms or language of similar import, and the evidence must show conduct from which malice or corrupt motive will be implied—express proof of same not being

Maxwell *v.* Stuart.

required if they are to be held liable for default. *McTeer et al.* v. *Lebow et al.*, 1 Pick., 123; *Boyd* v. *Ferris*, 10 Hum., 406, 411; *Spears* v. *Smith*, 9 Lea, 486.

The amount of bond required of Registers shows that the office is considered one of great responsibility, and that the duties and functions of the Register are regarded as very important to the public, and to individuals, and the possible consequences of their mistakes should constantly admonish them to be careful and painstaking in the discharge of these duties. The Act having, however, prescribed that their liability shall depend on the willfulness of their default, and the Court of Chancery Appeals having found that the omission was not willfully made, and the facts not justifying us in presuming, as a matter of law, that it was willful, this Court is of opinion the Register and sureties are not liable in this action, and the decree of the Court of Chancery Appeals is therefore reversed, and the bill of complainant is dismissed at his cost. There are other questions raised in the case that would, in our opinion, lead to the same result, but we need not pass upon them, as the matters herein considered are, in our opinion, conclusive.