JOHNSON CITY BOARD OF EDUCATION *et al. v.* IDA RAY, BY
NEXT FRIEND.*

(*Knoxville,* September Term, 1926.)

Opinion filed October 9, 1926.

1. **DAMAGES. Public officials. Performance of duty.**

Where the duty is absolute, certain, and imperative, and is simply
ministerial, the officer is liable in damages to anyone specially
injured, either by his omitting to perform the task, or by perform-
ing it negligently and unskillfully. (Post, p. 186.)

2. **SAME. Same. Same. Board of education.**

Ordinarily a person cannot be held responsible for that which he is
not duty bound to perform. But a board of education of a city
is liable for injury to a child in negligently permitting a building
to be used knowing its defective condition. (Post, p. 183.)

Citing: 24 R. C. L., 141.

3. **DAMAGES. Board of education. Injury to pupil. Inspector.**

Where the only act of negligence was that charging individual
members of a municipal board of education with failure to em-
ploy an Inspector for a gymnasium, in which plaintiff was exer-
cising when injured, to determine whether equipment was in
reasonably safe condition for purposes intended, **held,** that in
absence of anything in the record to show that such board was
charged, "absolutely, certainly and imperatively," with the duty
of employment an Inspector, the injury complained of could not
be charged to the individual members. (Post, p. 183.)

Citing: Section 1467, Shannon's Code, Charter of Johnson City;
Vance v. Shelby County, 152 Tenn., 141; Gamble v. Vanderbilt

*On liability of school board or school corporation for negligence,
see annotation in 37 L. R. A. 301; 49 L. R. A. (N. S.) 1026; On liability
of school district, or school board for injuries to pupils, see annotation
in 9 A. L. R. 911; 14 A. L. R. 1392; 21 A. L. R. 1328; 24 A. L. R. 1070;
24 R. C. L. 606; 4 R. C. L. Supp. 1548; 5 R. C. L. Supp. 1292.

University, 138 Tenn., 616; Hale v. Johnston, 140 Tenn., 182; Thompson's-Shannon's Code, sections 7411, 7391.

---

*Headnote 1. Schools and School Districts, 35 Cyc., p. 972 (Anno.).

---

FROM WASHINGTON.

---

Appeal from Johnson City Law Court of Washington County.—HON. D. A. VINES, Judge.

S. W. PRICE, for appellant.

BARNES & LEWIS and S. E. MILLER, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Ida Ray, by next friend, hereinafter referred to as the plaintiff, instituted this suit against the city of Johnson City, the Board of Education of Johnson City, the individual members of said board and Garfield Crowe to recover damages for injuries which she received, of a serious and permanent nature, when a suspended horizontal ladder in the gymnasium ·of the Johnson City Junior High School, on which she was exercising, fell.

Before the trial of the case the suit was voluntarily dismissed as to the city, certain individual members of the Board of Education and the defendant Crowe. The case was submitted to the jury only with respect of the liability of the Board of Education and two of its individual members, to-wit, St. John and Miller.

The jury returned a verdict against the Board of Education for $6,000, and a verdict of not guilty as to St. John and Miller.

Upon appeal the Court of Appeals dismissed the suit as to the Board of Education, but reversed and remanded the case for a new trial as to St. John and Miller, as individuals.

The case is before us upon petition for *certiorari* filed by St. John and Miller, and the only question to be decided is whether they, as individuals, are liable for the injury which plaintiff sustained.

The plaintiff was fourteen years of age when injured. The building was a new one and the gymnasium equipment had been installed about two months prior to the accident.

The defendant Crowe, who the record shows was one of the best and most experienced mechanics in Johnson City, but who had never done this particular kind of work, was employed to install the equipment, and did so under the supervision of one Buntin, a graduate of Virginia Military Institute, who has been employed as physical director in said school.

It seems that the best way to fasten the ladder would have been to bolt its arms to the ceiling joists. Instead Crowe nailed them to the joists with twenty penny nails. As a result of strain the nails either broke in two or pulled out, injuring the plaintiff, as stated above.

From the date of the installation to the time of the accident St. John and Miller had not inspected said equipment. There is no evidence that they knew of said improper installation or could have detected same had

they made an inspection. No complaint of any kind had been made to them.

The Board of Education served without remuneration.

Buntin had been absent from the city two weeks when the accident occurred. When he left the principal of the school announced several times at chapel exercises that the students must not use the gymnasium in the absence of an instructor. All of the students were required to attend chapel exercises, and the principal testified that she personally remembered that the plaintiff was present on one or more occasions when the announcement was made.

On the afternoon in question seven of the pupils, including plaintiff, asked the principal to permit them to go to the gymnasium to practice basket ball, and permission was granted upon condition that they were to be accompanied by the basket ball coach.

The basket ball coach testified that, upon entering the gymnasium, she instructed the students that they must not use this ladder; that she discovered at the time that same was loose; that within a few moments the plaintiff, without her knowledge, began exercising on the trapeze and the ladder fell, with the result stated.

The plaintiff testified that if such instructions were given she did not hear them.

The record is silent as to whether Buntin had resigned or was only temporarily absent. Neither does it appear that the members of the board knew that Buntin was absent.

The act of negligence, set forth in the declaration, upon which the Court of Appeals held that St. John and Miller were liable, is as follows, to-wit:

"(5)   In failing and neglecting to have said gymnasium equipment inspected at reasonable intervals by an experienced and competent inspector to determine whether said horizontal ladder was in a reasonably safe condition for the uses and purpose intended and employed."

The Court of Appeals was of the opinion that the members of the board were charged with the duty of employing an experienced and competent inspector to inspect at reasonable intervals the gymnasium equipment, and that, failing so to do, they were guilty of a misfeasance for which they were individually responsible to third persons for injuries resulting. In so holding we are of the opinion that the Court of Appeals committed error.

We have been referred to no statute or ordinance authorizing or enjoining upon the members of the Board of Education the employment of an inspector, as suggested above. It is not shown that it is customary for school boards to employ inspectors, and we can find nothing in the record that suggests that these directors had any notice or knowledge that they were charged with such a duty.

Ordinarily a person cannot be held responsible for that which he is not duty bound to perform.

The duties of directors of city schools are set forth in section 1467 of Shannon's Code, and copied into the charter of Johnson City, as follows:

"They shall have full power as trustees or directors to manage and control such schools, to elect or employ well qualified teachers; and to prescribe all needful rules and regulations."

The charter of the city further provides that "the Board of Mayor and Aldermen shall have control of all the property of the corporation."

It appears from the record that the city, and not the Board of Education, had the building erected, and probably let the contract for the work of equipping the gymnasium. It is immaterial, for the purpose of this case, whether the duty of repairing devolved upon the city or the Board of Education. The only act of negligence involved is that of employing an inspector.

So far as this record shows the Board of Education employed a competent principal, physical director and teachers. These persons usually have charge of the building, the welfare of the pupils and report to the proper authorities needed repairs, supplies, etc.

While the failure to repair is not involved, the general rule as to that is thus stated in 24 R. C. L., 606:

"As a general rule, school officers whose duty it is to keep in repair the school premises are not personally liable for injuries resulting from defects in the premises caused by the negligence of the persons employed by the officers to look after the premises. The doctrine of *respondeat superior* does not apply to a school board and it is not liable for the negligent acts of any of its subordinate officers or servants. But a board of education having the management and control of the schools of a city, although not liable under the doctrine of *respondeat superior* for the torts of its subordinants, it is liable for its own participation in the wrongful appropriation of the property of another and they may render themselves personally liable by negligence in the performance of duties to be performed by themselves. So where a board of education, knowing a school building to be unfit for use, permits it to be used as a school, the board is liable for injuries caused to a child, not because

of its failure to repair, but because of its negligence in permitting the building to be used, knowing its defective condition. But in regard to other matters, all liability ceases when they employ proper persons to perform the work.''

We will briefly refer to the decisions of this court upon which counsel for plaintiff rely.

In *Vance* v. *Shelby County,* 152 Tenn., 141, it was held that where the county's officers removed a bridge and failed to erect barriers, or place lights or other warnings whereby an injury resulted they would be liable.

The declaration charged that the defendants had knowledge of the situation, and that they were, therefore, negligent in not warning the public.

Actual knowledge on the part of the board was charged in the declaration in *Gamble* v. *Vanderbilt University,* 138 Tenn., 616.

In *Hale* v. *Johnston,* 140 Tenn., 182, the court found that the commissioners knew, in a general way, of the inhumane treatment accorded prisoners, and the holding in that case is briefly expressed in the fourth syllabi, which is as follows:

''As to the statutory duty cast upon county commissioners by Thompson's-Shannon's Code, section 7411, as to treatment of workhouse prisoners, etc., and section 7391, forbidding inflicting punishment on workhouse convicts exceeding hard labor, the fact that commissioners knew nothing of the mistreatment of a particular prisoner, and did not participate in it, would not excuse them, if the cruelties administered to him as part of the discipline of the workhouse were attended with circumstances showing their failure to know and act in the prem-

ises was the result of willfulness and malice; the malice required not necessarily being express ill will towards the particular prisoner, or a conscious disregard of his welfare, but a promiscuous disregard of the interest and welfare of the inmates of the workhouse, that disregard of public duty which results from general recklessness, as well as express ill will."

In the above case the following rule was announced with respect to public officials:

"Where the duty is absolute, certain, and imperative, and is simply ministerial, the officer is liable in damages to any one specially injured, either by his omitting to perform the task or by performing it negligently and unskillfully."

The plaintiff saw fit to specify the acts of negligence in her declaration upon which to fasten liability upon the individual members of the board, and the Court of Appeals held that the only act of negligence which was sustained was that charging them with failure to employ a competent inspector.

If the Board of Education were charged with the duty of employing a competent inspector and have him inspect the gymnasium equipment at reasonable intervals and they failed to do so, and injury resulted because of their neglect, they might be liable. But we are of the opinion that there is nothing in this record to show that said board was charged "absolutely, certainly and imperatively" with the employment of an inspector, and hence the injury here complained of cannot be charged to them.

It follows that the judgment of the Court of Appeals as to St. John and Miller will be reversed and the judgment of the circuit court affirmed.