## BROWN v. BROWN et al.

Middle Section.   April 1, 1933.

Petition for Certiorari denied by Supreme Court, June 24, 1933.

P. C. Smithson, of Lewisburg, for complainant.

T. L. Coleman, of Lewisburg, and Joseph Higgins, of Nashville, for defendant.

DeWITT, J.  When the appellant became of age in April, 1931, his guardian owed him upon a settlement the sum of $685 with interest from October 20, 1928, the date of his last settlement.  The guardian defaulted in making any final settlement and still owes him the money.  The appellant filed the bill in this cause against the guardian and his two sureties and the former county court clerk. He obtained a decree against the guardian and his sureties, all of whom are insolvent; but the bill was dismissed as to the clerk.

The appellant's theory is that the clerk was negligent in 1928 in taking an insufficient bond and negligent in 1929 in failing to require the guardian to appear, make settlement, and file with him a good and solvent renewal bond; that such negligence consisted of a violation of statutory duties which the clerk owed to the appellant.

The chancellor found that in 1929, when the annual settlement was due (Shannon's Code, section 4296), the clerk notified the guardian to come in and make his settlement, as he had theretofore done. This notice was given in person and by postal card by mail, although the guardian testified that he did not receive it.  However, the guardian must be presumed to have known of his duty; and the fact that he had been making annual settlements warrants the inference that he had actual knowledge of such duty.  The chancellor further held that the duties of taking or accepting bonds from guardians, and seeing that they renewed their bonds or made annual settlements devolved on the chairman of the county court, or the county court under Shannon's Code, section 4267, which is as follows:

"If any court knowingly fail in the performance of its duty in regard to the renewal of guardian bonds, the justices present shall be liable themselves, both in law and equity, to the ward, for any damage sustained thereby."

The chancellor further held:

"The statutes do not require the County Court Clerk, in any instance, to appoint guardians, or approve bonds for guardians, or to renew same, and his duty is merely clerical to notify such guardians and call the Court's attention to the application of parties for such position.  In order to hold either a County Judge or Chairman liable for failure of duty in the appointment, and acceptance of bonds, or renewal thereof, such conduct shall be willful and malicious upon his part in the execution of such power"—citing Boyd v. Ferris, 10 Humph., 406; Spears v. Smith, 9 Lea, 486; McTeer v. Lebow, 85 Tenn. 126, 2 S. W., 18.

The last bond given by this guardian was given in 1927—so that a renewal bond should have been furnished in 1929 (Shannon's Code, section 4265): and upon his failure then to renew his bond, it was the duty of the court to remove him (Shannon's Code, section 4266).  From the undisputed testimony of the guardian herein

involved it appears that in 1929, when he should have renewed his bond, he had property worth $2500 to $3000 in excess of his debts. Had he given a solvent bond at that time, the estate of the ward would most probably have been preserved.

The duties of the county court clerk in such matters are specified by statutes as follow (Shannon's Code); Section 4298:

"If any guardian fail, at the expiration of each successive year while he is acting, to appear and render an account of his ward's estate, the clerk shall issue a summons, returnable before himself, directed to the sheriff, or to any constable, commanding the officer to summon the guardian to appear before him in ten days after service of the summons, and render his account."

Section 4270:

"The Clerk of the county court, and the grand jury of every county, shall, at every court, present to the justices thereof [now county judge or chairman of the county court, as the case may be], in writing, the names of all guardians in the county, known to them, any of whose sureties are dead, removed out of the state, or have become insolvent."

Section 4259 vests in the county court the power to appoint guardians; section 4266 confers upon the court the power to remove them and appoint their successors. The approval of the guardian's bond is for the court. The duties of the clerk are purely ministerial.

The defendant clerk did not issue a summons to the guardian, but he cited him by mail and notified him several times to make a settlement and renew his bond, but without success; and he urged upon him the necessity of so doing. He testified without contradiction that he always prepared a list of guardian statements due each month and notified all guardians giving them four or five days of time in which to appear and comply with the law. He testified that in September, 1929, when the defendant guardian should have made a settlement and renewed his bond, he was perfectly solvent. In July, 1929, the grand jury of Marshall county reported:

"We have made thorough examination and investigation of the bonds of county officials, guardians and administrators, and report them good and solvent to the best of our knowledge and belief."

They made a similar report in November, 1930. The official, who was chairman of the county court in 1929, testified that if this guardian had offered in renewal, in 1929, a bond with the existing sureties, he would have approved it.

These facts do not show a full performance of duty by the clerk, but they show a want of willful or malicious neglect of duty on his part in failing to have the guardian summoned before him, and upon his failure to appear to report the same to the court so that he might be attached for contempt under the provisions of Shannon's Code, section 4299. It is well settled in actions for tort that

the violation of a statute is negligence per se, but to warrant recovery therefor it must appear that such negligence was the proximate cause of the injury complained of. Carroll-Blake Construction Co. v. Boyle, 140 Tenn. 166, 203 S. W. 945, 946; Wise & Co. v. Morgan, 101 Tenn., 273, 48 S. W., 971, 44 L. R. A., 548. In cases resting upon failure of county registers to discharge their duties it was held that they are civilly responsible to parties aggrieved, but such liability is specially provided by statutes. Shannon's Code, sections 567, 570, 4494; State ex rel. v. McClellan, 113 Tenn., 616, 85 S. W., 267, 3 Ann. Cas., 992. In such cases mistake and good faith are no defense to the defaulting officer. However, in Maxwell v. Stuart, 99 Tenn., 409, 42 S. W., 34, the failure of a register of deeds, through mistake of judgment, unattended by such circumstances of gross and inexcusable negligence as implied willfulness, to index a trust deed, did not render him liable on his official bond to the party thereby injured, under an act (Shannon's Code, sections 5853, 5854) making any register liable on his bond who should "willfully violate" the statute in that respect.

In Boyd v. Ferris, 10 Humph., 406, Spears v. Smith, 9 Lea, 483, and McTeer v. Lebow, 85 Tenn., 121, 2 S. W., 18, 19, parties aggrieved sought to recover of justices of county courts, or county chairman, for failure to perform their duties in regard to the renewal of guardian bonds—the suits being based on the aforesaid section 4267 of Shannon's Code making them liable if they "knowingly fail." The rule was declared and applied that they are not liable unless it is alleged and proven that their conduct was willful and malicious; though such malice might be implied from their conduct. In Spears v. Smith it was held that malice could not be implied from the mere failure to require more than one surety. In McTeer v. Lebow, the chairman of the county court was shown in the bill to have been grossly negligent in taking an insufficient bond; but it was said: "But the proof is probably, and the allegation certainly, insufficient upon which to base a decree against him."

In certain actions for damages for personal injuries, it was ruled:

"Where the duty is absolute, certain, and imperative, and is simply ministerial, the officer is liable in damages to any one specially injured, either by his omitting to perform the task or by performing it negligently or unskillfully." Hale v. Johnston, 140 Tenn., 182, 203 S. W., 949, 953; Johnson City Board of Education v. Ray, 154 Tenn., 179, 289 S. W., 502.

Shannon's Code, section 4494, is as follows:

"For any breach of an official bond or undertaking of any officer, executor, administrator, or guardian, or of any bond or undertaking required to be given by law for the security of the public generally, or of particular individuals, the party aggrieved may, without assignment, bring suit thereon for his use, giving security for

costs, and being liable therefor as if the suit had been brought in his own name.''

This section is found in the Code of 1858 (section 2797) and in Shannon's Code under the head of ''Parties for Whose Use an Action is Brought.'' It was plainly intended merely to afford to an aggrieved party, a right of action on the bond of a public officer, without an assignment by the payee of the bond to the party suing, as was previously necessary; and the rights of action therein recognized were those provided in other statutes. The right to sue public officers was not otherwise extended by this section.

There is no statute making a county court clerk liable for mere omission to comply with the provisions of sections 4298 and 4299 of Shannon's Code as to summoning a delinquent guardian and reporting to the court his failure to appear. The policy of the law, as reflected in section 4267, and as applied in the decisions thereon, is to hold such an officer liable only for willful and malicious disregard of his duties. Such conduct in the instant case is neither charged in the bill nor shown in the evidence. The decree dismissing the bill as to the clerk is therefore affirmed. The costs of the appeal will be adjudged against the appellant.