# GREEN v. CRESCENT AMUSEMENT CO.—
## 223 S. W. (2d) 201.

Middle Section.   July 30, 1949.

Petition for Certiorari denied by Supreme Court, October 7, 1949.

Richard Marshall, of Nashville, for plaintiff in error.

Armistead, Waller, Davis & Lansden, of Nashville, for defendant in error.

HOWELL, J. This is a suit for damages for injuries sustained by the plaintiff Mrs. W. D. Green resulting from a fall in the Princess Theatre in Nashville.

The first count was based upon the alleged negligence of the defendant in permitting an empty cardboard popcorn box to remain on the floor of the balcony and on which the plaintiff stepped causing her to fall and sustain the injuries complained of. The two remaining counts of the declaration allege violations by the defendant of certain city ordinances as to handrails and keeping public buildings clean and free from obstructions.

At the close of the proof and after the entry of an order of mistrial, upon motion of the defendant, the trial judge directed a verdict for the defendant on the ground that there was no testimony upon which a verdict for the complainant could be based.

The plaintiff has appealed in error to this Court and has assigned errors.

It is insisted for the plaintiff that there was sufficient substantial evidence upon which a verdict could be based and for the defendant that the fall of plaintiff was solely caused by her own negligence.

The facts as shown by the testimony for the plaintiff are that she and her sister went to the Princess Theatre and obtained seats in the balcony, that popcorn was being sold in the lobby of the theatre and she saw popcorn boxes on the floor of the balcony and on the stairs, that a man and two little boys were eating popcorn while sitting in seats in front of her and her sister and that when she and her sister were leaving their seats she stepped on a popcorn box and fell down the stairs in the balcony. It also appears that the theatre was sufficiently lighted for plaintiff to see these popcorn boxes on the stairway and that she did see them before she stepped on the one which she says caused her to fall.

The question therefore is whether or not the accident was caused by the carelessness or contributory negligence of the plaintiff or by any negligence of the defendant.

██ ██ While there is no evidence that the defendant knew that the particular popcorn box upon which plaintiff stepped was on the floor of the stairway, it may reasonably be assumed that the theatre managers did know that popcorn boxes were thrown upon the floor in the different parts of the theatre building. While the proprietors of the theatres are not insurers of the safety of patrons, they are bound to use ordinary care for their safety and protection and to keep the theatre in reasonably safe condition for patrons who exercise ordinary care for their own safety. We cannot say that there is any testimony in this record which shows any negligence

on the part of the defendant. It does not appear how long this empty cardboard box upon which plaintiff stepped had been on the floor or that any representative of the defendant knew it was there nor does it appear that the defendant could have prevented the person who dropped it on the floor from doing so. We are therefore constrained to the conclusion that the contributory negligence of the plaintiff was the proximate cause of her injury and she cannot recover.

In the case of Smith v. Crescent Amusement Company, 27 Tenn. App. 632, 184 S. W. (2d) 179, 181, this Court said:

"We are of the opinion that the plaintiff, a lady of mature years, in deliberately walking down these steps in the dark, before the lights had been turned on, without holding to the railing, knew or should have known of the danger and assumed the risk and was guilty of contributory negligence in law which proximately contributed to her injuries and that she cannot recover.

"In Bejach v. Colby, 141 Tenn. 686, 693, 214 S. W. 869, 871, it was held: 'If the plaintiff was guilty of negligence which directly and proximately contributed to bring about the injury, it would make no difference whether that negligence was slight or gross, he could not recover.'

"Negligence and contributory negligence in this case are subject to the general rule on motions for directed verdict. Merriman v. Coca-Cola Bottling Company, 17 Tenn. App. 433, 68 S. W. (2d) 149; Gargaro v. Kroger Grocery & Baking Company, 22 Tenn. App. 70, 118 S. W. (2d) 561; Nashville Bridge Company v. Hudgins, 23 Tenn. App. 677, 137 S. W. (2d) 327."

See, also, Loews Nashville & Knoxville Corporation v. Durrett, 18 Tenn. App. 489, 79 S. W. (2d) 489.

■ ■ It is also insisted for the plaintiff that the defendant had violated certain city ordinances applying to theatres. While a violation of an ordinance if proven is negligence per se, such violation must be the direct or proximate cause of the injury complained of, if a recovery is to be based thereon.

In Brown v. Brown, 16 Tenn. App. 230, 64 S. W. (2d) 59, 60, this Court said: "It is well settled in actions for tort that the violation of a statute is negligence per se, but to warrant recovery therefor it must appear that such negligence was the proximate cause of the injury complained of. Carroll Blake Construction Co. v. Boyle, 140 Tenn. 166, 203 S. W. 945, 946; Wise & Co. v. Morgan, 101 Tenn. 273, 48 S. W. 971, 44 L. R. A. 548.''

We have held that the proximate cause of the injury in this case was the negligence of the plaintiff in not exercising care for her own safety in descending the stairs where she fell.

We therefore are of the opinion that there was no error in the action of the trial judge in granting the motion of the defendant for peremptory instructions in its favor.

The assignments of error are overruled and the judgment of the Circuit Court is affirmed. The plaintiff will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.