**Jack A. TOOLE, father and next friend of Kevin O. Toole, a minor,**

v.

**Joseph J. LEVITT, Jr., Individually and as Trustee, et al.**

Court of Appeals of Tennessee, Eastern Section.

Aug. 2, 1972.

Certiorari Denied by Supreme Court Feb. 20, 1973.

R. Hunter Cagle, Knoxville, for appellants, Joseph J. Levitt, Jr., and others.

Peter L. Niles, Knoxville, J. D. Lee, Madisonville, for appellee.

## OPINION

COOPER, Presiding Judge.

Kevin O. Toole and his father, Jack A. Toole, sued the defendants Joseph J. Levitt, Jr., David Brown, Jake West and David Liberman, d/b/a Neyland Hills Apartments, for injuries sustained by Kevin on April 19, 1970, on diving into a swimming pool on apartment premises. On trial, the jury returned verdicts in favor of the plaintiffs, awarding Kevin Toole $205,000.00 as damages and Jack Toole damages of $100,000.00. The trial judge, in overruling defendants' motion for new trial, suggested a remittitur of $78,091.00 in the award to Jack Toole. The defendants perfected their appeal, directing their assignments of error to the trial judge's refusal to direct a verdict in their behalf, and to alleged errors in the admission of evidence and in the court's charge. Jack Toole also appealed seeking to have the remittitur restored.

The swimming pool in which the accident occurred is an outdoor pool, forty feet long and twenty feet wide. It is bounded on the north and west sides by a brick retaining wall. At the north, or shallow, end of the pool, the retaining wall is located about one foot from the edge of the pool and is four feet eleven inches high. An iron railing, three feet high, is on top of the wall to protect pedestrians using the sidewalk adjoining the retaining wall.

The water depth at the shallow end of the pool, when the pool is full, is two feet eleven inches. The depth increases slowly so that a point fourteen feet from the north end of the pool, the depth is only three feet six inches. In the center of the pool, twenty feet from the north end of the pool, the water is four feet six inches deep. From the center, the floor of the pool slopes sharply to a maximum depth of eight feet near the south end of the pool.

Water is left in the pool the year around, though the pool is not open for swimming except during the summer season. During the winter of 1969–1970, because of a defective pool filter pump, the water level in the pool dropped about one foot. Algae grew in the water and scum formed on top, precluding a clear view of what might lay beneath the surface of the water. Debris, such as beer cans, sticks, dead animals and birds, floated on the surface of the water.

The accident giving rise to the suits occurred at about four o'clock on the afternoon of April 19, 1970. The pool had not been opened for the 1970 swimming season, and was in the condition above described. Kevin Toole, then 18 years of age, came on the apartment premises as a guest of a tenant, Miss Carol Caldwell. Kevin left Miss Caldwell to go to his automobile to secure some articles. Enroute to his car, Kevin passed by the swimming pool. Kevin entered into a conversation with "some boys" who were nearby. The result of the conversation was that Kevin bet two dollars he would dive into the pool. Kevin removed his watch and clothing, except for his trousers, stepped over the railing on the retaining wall and dove from the top of the wall into the shallow end of the swimming pool. On entry into the water, Kevin struck an object, receiving serious and permanent injuries to the neck and spinal column. There is evidence in the record identifying the object struck by Kevin as an "outdoor metal grill."

Kevin testified he knew the pool had not been cleaned and was not open for the summer season for the use of the tenants, though he had seen Miss Caldwell in the water on one occasion; that the water in the pool was so dirty he couldn't see into it; and that he looked at the water level, but did not notice it was lower than normal. Kevin testified also that he had dived from the retaining wall into the shallow end of the pool without incident during the preceding swimming season, when the level of the water in the pool was normal.

Much of the argument and briefs of the parties are devoted to an attempt to classi-

fy Kevin Toole while on the premises of the defendant. Was Kevin an invitee as insisted by plaintiffs or was he a trespasser as insisted by the defendants? The classification of Kevin is important as it is the basis for determining the duty owed by defendants to Kevin Toole. As pointed out in Walls v. Lueking, 46 Tenn.App. 636, 332 S.W.2d 692:

■ "An owner or occupant of premises owes to invitees or business visitors thereon the duty of exercising reasonably care to keep the premises in a reasonably safe and suitable condition including the duty of removing or warning against a dangerous condition which he knows or should in the exercise of reasonable care know to exist. He is not required to keep the premises absolutely safe and in determining whether proper care has been exercised it is proper to consider the nature of the property, the use for which it is intended and the particular circumstances of the case. 65 C.J.S. Negligence § 45, p. 532."

As a general rule, the owner or occupant of premises "is not liable to trespassers for physical harm caused by his failure to exercise reasonable care to put the land in a condition reasonably safe for their reception, or to carry on his activities so as not to endanger them. Stated somewhat differently, an owner or occupant owes trespassers no duty to keep his premises in a safe condition for their use, and as a general rule he is not held responsible for an injury sustained by a trespasser upon the premises from a defect therein." 62 Am. Jur.2d, Premises Liability, Sec. 89, p. 349; Restatement Torts 2d, Sec. 333. The duty owed the trespasser by the owner or occupant of premises is "to refrain from willfully injuring him or from committing negligence so gross as to amount to willfulness, and from leading him into a trap." Jack M. Bass & Co. v. Parker, 208 Tenn. 38, 343 S.W.2d 879; Walker v. Williams, 215 Tenn. 195, 384 S.W.2d 447; Smith v. Burks, 43 Tenn.App. 32, 305 S.W.2d 748.

■ A "trap" is any hidden, dangerous condition which a person who does not know the premises could not avoid by reasonable care and skill. 62 Am.Jur.2d, Premises Liability, Sec. 92, p. 354; Walker v. Williams, 215 Tenn. 195, 384 S.W.2d 447.

■ Social guests of a tenant in an apartment building are classed as invitees while using common walkways and common facilities of the apartment building permitted to be used by tenants and their guests. Pritchard v. Terrill, 189 Or. 662, 222 P.2d 652. Cf. Woods v. Forest Hill Cemetery, 183 Tenn. 413, 192 S.W.2d 987. See also Restatement, Torts 2d, Section 332, comment (k), p. 181, wherein it is pointed out that:

"A person may be a business visitor (invitee) of a lessor of land although he is merely a gratuitous licensee of the lessee. Thus, a lessor of an apartment house or of an office in an office building, who retains control of the halls, stairways, and other approaches to the apartment or office, holds such parts of the premises open to any person whom his lessee may choose to admit, irrespective of whether the visit of such a person is for his own or the lessee's business purpose or whether he comes as a mere social guest or other licensee of the tenant."

■ However, if the guest of the tenant of the apartment house goes outside of the area of his invitation, he loses his status as an invitee and becomes a trespasser or a licensee, depending upon whether he goes there without the consent of the owner of the apartment house, or with such consent. See Campbell v. Hoffman, 51 Tenn.App. 672, 371 S.W.2d 174; Bivin v. Southern Oil Service, Inc., 54 Tenn.App. 678, 394 S.W.2d 141; Restatement, Torts 2d, Section 332, comment (l), p. 181.

■ The undisputed evidence in this case shows that Kevin Toole was not invited, either expressly or by implication, to use the apartment swimming pool on April

19, 1970 by either the defendants or his host-tenant. To the contrary, the evidence shows the pool had not been opened for use by the tenants in the apartment building and that this fact was known to Kevin at the time he elected to dive into the pool. Even without this knowledge, the obvious filthy condition of the pool was enough to serve notice on Kevin that the pool was not open for use by tenants or guests of tenants.

As we view the evidence, when Kevin climbed the iron railing on top of the retaining wall and dove into the apartment swimming pool, he was outside the scope of his invitation as a guest of a tenant in the apartment building and must be classed as a trespasser. Kevin being a trespasser, the failure of the defendants to take affirmative action to discover and remove hazards in the swimming pool, or warn Kevin of the existence of such hazards, did not constitute a breach of the duty owed Kevin by the defendants under the circumstances of this case.

However, even if it be assumed the defendants breached a duty they owed Kevin Toole, a proposition we have excluded, the plaintiffs are nevertheless barred from any recovery. The conduct of Kevin, in diving from a height into the shallow end of the swimming pool, which was in the condition above described, compels reasonable minds to conclude that he was guilty of contributory negligence which proximately caused his injuries. Cf. Ryan v. Unity, Inc., (1951, Fla.), 55 So.2d 117; Chauvin v. Atlas Ins. Co., (1964, La. App.), 166 So.2d 581.

As pointed out in Coppedge v. Blackburn, 15 Tenn.App. 587, 594–595,

"It is also well settled in this state that where it appears from the uncontradicted proof, or the most favorable inferences to be deducted therefrom, that the defendant was guilty of no actionable negligence, *or* that the injured person was guilty of proximate contributory negligence, the question is one of law for the determination of the court, and a motion for a directed verdict in favor of the defendant should, in such cases, be granted. (Citing cases)." [Emphasis supplied]

For the reasons above stated, we find the trial judge was in error in failing to direct verdicts for the defendants in these cases. The remaining assignments of error are pretermitted.

Judgments are reversed, and the causes dismissed. Costs incident to the appeal are adjudged against Kevin O. Toole and Jack A. Toole.

PARROTT, and SANDERS, JJ., concur.