MRS. H. M. ROBERTS v. THE TENNESSEE
WESLEYAN COLLEGE, Holston Annual Conference
of the Methodist Church, Inc., and Helen A. Wilson,
d/b/a Helen A. Wilson School of Dancing.
—450 S.W.2d 21.

Eastern Section. August 5, 1969.

Certiorari Denied by Supreme Court November 3, 1969.

626

Lee & Pennington, Madisonville, for appellant.

Higgins & Biddle, Athens, for appellee Tennessee Wesleyan College et al.

Washington, Carter & Ayers, Athens, for appellee Helen A. Wilson, etc.

COOPER, J. The plaintiff, Mrs. H. M. Roberts, sued Helen Wilson, d/b/a Helen Wilson School of Dancing,

the Tennessee Wesleyan College and the Holston Annual Conference of the Methodist Church, Inc., to recover damages for personal injuries she sustained in a fall on the steps of Townsend Hall, a building located on the campus of the college. Just prior to her fall, Mrs. Roberts had attended a dance recital in Townsend Hall given by pupils of Miss Wilson.

On trial, a verdict was directed for the defendants at the close of the plaintiff's proof. The basis of the directed verdict in favor of the Holston Annual Conference of the Methodist Church, Inc. was lack of evidence that the conference owned, possessed, or had any control of Townsend Hall or had any contractual relationship with Miss Wilson. As to the other two defendants, the trial judge was of the opinion that Mrs. Roberts, in attending the dance recital, was a licensee to whom the defendants owed no duty other than to refrain from willfully or wantonly injuring her or setting a trap for her, and that there was no material evidence showing a breach of that duty. The trial judge also voiced the opinion that the undisputed evidence showed Mrs. Roberts' fall proximately resulted from her own negligence.

Plaintiff has appealed taking issue with each of the conclusions voiced by the trial judge. The plaintiff also takes issue with the trial judge's rulings on the admission of evidence and his refusal to permit an amendment to plaintiff's declaration.

In argument in this court, the plaintiff conceded that the trial judge was correct in directing a verdict for the defendant Holston Annual Conference of the Methodist Church, Inc., leaving us to pass upon the propriety of the

trial judge's action in directing verdicts in favor of Miss Wilson and the college.

Considering the evidence in the light most favorable to the plaintiff as we are required to do, we find that Miss Wilson entered into a written lease with the Tennessee Wesleyan College under which, for a stated rental of $35.00, she was permitted to use the auditorium in Townsend Hall to rehearse and present her dance pupils in a year-end recital or graduation exercise. The lease was not made a part of the record; however, there was evidence that the Tennessee Wesleyan College maintained control of the entrance to the lobby in Townsend Hall so that it could be used by administrative personnel of the college whose offices were located in Townsend Hall.

The dance recital was open to the public, particularly the parents of the students and their friends, and no admission was charged those who attended the recital. Some five hundred to five hundred fifty persons, including the plaintiff, took advantage of the opportunity to see their children or their friends' children perform after a year of study with Miss Wilson.

According to the evidence, the plaintiff attended the recital in company with and at the invitation of the parents of one of the performers, arriving at Townsend Hall before darkness completely fell. The recital lasted an hour to an hour and a half so that it was dark when the patrons of the recital left Townsend Hall.

Mrs. Roberts testified that after the recital, she left Townsend Hall through the front entrance to the building, missed the step-down from the concrete landing at the entrance to Townsend Hall to the lower level of the porch, tripped and fell. According to Mrs. Roberts, the

step-down was not noticeable due to inadequate lighting on the porch area of Townsend Hall and due to the fact the entrance area to Townsend Hall and the step-landing were constructed of the same material and appeared as a continuous level area in the inadequate porch lighting.

John Carpenter, a lighting engineer, testified the porch or landing where Mrs. Roberts fell is lighted by three recessed lights in the porch ceiling, which is twenty three feet above the porch floor. Mr. Carpenter attempted to measure the illumination cast by these lights and found that his light meter showed no reading at floor level, and a reading of only two footcandles of light at a point three feet above the floor level. The light meter reading taken at floor level in the foyer of Townsend Hall was twenty footcandles.

The construction of the porch area at the entrance to Townsend Hall and the lighting of this area were the same at the time the contract of lease was executed by Miss Wilson as they were at the time of Mrs. Roberts' fall.

We think a jury reasonably could conclude from the above evidence that the porch area of Townsend Hall, as constructed and lighted, constituted an unreasonable source of danger or risk of harm to those lawfully using Townsend Hall in the nighttime, and that the defendants [or defendant], who were laboring under the affirmative burden of exercising reasonable care to see that the leased premises and the passageway leading to the leased premises were in a reasonably safe condition for plaintiff's use, failed to perform the required duty and were thus guilty of negligence which proximately caused plaintiff's injuries. We are of the opinion also that the jury

reasonably could find that the plaintiff, under the circumstances described above, was not guilty of proximate contributory negligence.

Did the defendants, or either of them, owe plaintiff the duty of exercising reasonable care to see that the leased premises and the passage to the leased premises were in a reasonably safe condition? As heretofore noted, the trial judge concluded that the defendants owed plaintiff no duty other than to refrain from willfully or wantonly injuring her or setting a trap for her. This conclusion was predicated on the trial judge's finding (1) that neither of the defendants received, nor were in the position to receive, any material economic benefit from plaintiff's attendance at the recital, and (2) that plaintiff admittedly attended the recital for her own pleasure, thus making the plaintiff a mere licensee. We think the trial judge's conclusions, both as to the duty owed plaintiff by the defendants and the status of the plaintiff while attending the dance recital, were erroneous.

█ The relationship or status of the plaintiff at the time of her injury, as either an invitee or licensee, would be material to the determination of the duty owed plaintiff by the defendant Helen Wilson, but would not be material to a determination of the obligation owed plaintiff by the defendant college. As a general rule, one who leases premises to another is not liable to his tenant or others on the land with the consent of the tenant for harm caused by a dangerous condition on the leased premises. See Harper and James, The Law of Torts, Sec. 27.16, pp. 1506 et seq; Noel, Landlord's Tort Liability in Tennessee, 30 Tenn.L.Rev. 38. However, numerous exceptions to this general rule have developed, at least two of which

are material to a decision in this case and in our opinion require the issue of the defendant college's liability to plaintiff to be submitted to the jury for decision.

█ It is the rule in this state that where a landlord leases premises which are, at the time, in an unsafe and dangerous condition, he is liable to his tenant and those on the premises with the consent of the tenant—whether the tenant's visitors are classed as licensees or invitees—for harm resulting from the dangerous condition of the leased premises, if the landlord knew of the dangerous and unsafe condition and concealed it, or, if by reasonable care and diligence, he could have known of such dangerous and unsafe condition, and provided the person injured as the result of the dangerous condition of the property exercised reasonable care and diligence for his own safety. Pulaski Housing Authority v. Smith, 39 Tenn. App. 213, 282 S.W.2d 213; Hines v. Willcox, 96 Tenn. 148, 160, 33 S.W. 914, 916, 34 L.R.A. 824, 832; Wallace v. Quarles, Hamilton Law, decided by this court on January 14, 1966; Noel, Landlord's Tort Liability in Tennessee, 30 Tenn.L.Rev. 368, 374. The relationship between the tenant and the injured party is important only to determine if the plaintiff is of the class of persons the defendant reasonably could anticipate would be present on the property under the use for which it was leased. See generally, Anno. 25 A.L.R.2d 598, 616-620; 32 Am. Jur., Landlord and Tenant, Sections 665, 671 and 673; and Matthew Bender's publication, Personal Injury, Vol. 4, pp. 688-691, wherein it is stated that ordinarily, a landlord owes the same duty to the tenant and to a person on the premises in the tenant's right, such as, for example, members of the tenant's family, social guests, invitees and licensees generally, employees, customers, board-

ers and lodgers, and subtenants and persons on the premises in the latters' right.

As pointed out in Pulaski Housing Authority v. Smith, 39 Tenn.App. 213, 282 S.W.2d 213,

" 'The ground of liability upon the part of a landlord when he demises dangerous property has nothing special to do with the relation of landlord and tenant. It is the ordinary case of liability for personal misfeasance, which runs through all the relations of individuals to each other.' [citing cases].

"It is said that, under the 'Willcox Cases', the relation of landlord and tenant 'may almost be said to be confidential in its nature.' Smith v. Tucker, 151 Tenn. 347, 362, 373, 270 S.W. 66, 70, 41 A.L.R. 830. This is true in the sense that the landlord owes a duty to disclose to the tenant the true condition of the premises. But this duty, as said above, is founded, not on the relation of landlord and tenant, but in the law of negligence, which puts on everyone the duty to take care not to expose another to an unreasonable risk of harm.

\* \* \* \* \* \*

"This does not make the landlord an insurer of the safety of the premises, or put upon him the extreme duty of constant care and inspection, but it does place on him the duty to use reasonable care and diligence to inspect the premises to see that they are turned over to the tenant in reasonably safe condition. [citing cases]."

This duty on the part of the landlord, and resulting liability where harm results from a breach of the duty, "extends not only to the tenant himself but to members of his family (Willcox v. Hines, 100 Tenn. 524, 45 S.W.

781), his boarders (Stenberg v. Willcox, 96 Tenn. 163, 33 S.W. 917, 34 L.R.A. 615), his employees (Kaylor v. Magill, 6 Cir., 181 F.2d 179), and others on the land with the consent of the tenant (Hines v. Willcox and Stenberg v. Willcox, 96 Tenn. 328, 33 S.W. 420, 34 L.R.A. 824), for all of these persons have been deprived of the opportunity of protection at the hands of the tenant by the landlord's silence.'' Noel, Landlord's Tort Liability in Tennessee, 30 Tenn.L.Rev. 368, 374. See also Haire v. American Trust and Banking Co., 19 Tenn.App. 656, 94 S.W. 2d 59, where the court, though finding no liability on the facts, discussed the issues on the theory that the landlord would be liable to a social guest of the tenant for injuries caused by a dangerous condition of the premises in existence at the time of letting.

■ It is also the rule in this state that where a landlord retains control over the only passageway leading to leased premises, he is obligated to exercise reasonable care to keep the passageway in a reasonably safe condition for the use of his tenant and others using the passageway with the consent of the tenant—whether such persons are classed as licensees or invitees—and is liable to the tenant and those using the passageway with the consent of the tenant for any harm that results from his [the landlord's] failure to perform the duty owed. See Woods v. Forest Hill Cemetery, Inc., 183 Tenn. 413, 192 S.W.2d 987; Grizzell v. Foxx, 48 Tenn.App. 462, 348 S.W.2d 815; Restatement of the Law, Torts 2d Sec. 360, p. 250; Noel, Landlord's Tort Liability in Tennessee, 30 Tenn.L.Rev. 368, 385-388.

■ There is material evidence in this case from which a jury reasonably could conclude, in our opinion, that the

premises were in the same condition at the time of leasing as they were at the time the plaintiff suffered her injury, and that the defendant college, in leasing the auditorium to Miss Wilson, retained control over the only passageway leading to the auditorium. Under the above authorities, the defendant college was under a duty to the plaintiff (1) to exercise reasonable care to see that Townsend Hall and its approach was in a reasonably safe condition at the time of its lease, and (2) to exercise reasonable care to maintain Townsend Hall and its approach in a reasonably safe condition. Whether or not the defendant college breached the duty owed plaintiff, and, if so, whether or not the breach of the duty constituted a proximate cause of plaintiff's injury were in our opinion issues to be decided by the jury and not by the trial judge.

What duty did Helen Wilson owe the plaintiff? As heretofore noted, the duty owed would be dependent upon the determination of whether the plaintiff was an invitee or licensee while at Townsend Hall. See Jack M. Bass and Company v. Parker, 208 Tenn. 38, 343 S.W.2d 879; Smith v. Burks, 43 Tenn.App. 32, 305 S.W.2d 748; 65 C.J.S. Negligence Sec. 63(1), p. 657. As pointed out by the late Mr. Justice Swepston in Jack M. Bass and Company v. Parker, 208 Tenn. 38, 343 S.W.2d 879, 881, "the rule in Tennessee and generally [is] that a duty of ordinary care is owed to an invitee, whereas to licensees or trespassers the only duty of the * * * occupant of premises is not willfully to injure him or lead him into a trap."

█ The tenor of decisions of the courts of this state has been to require a person, in order to be classed as an invitee with the attendant protection, to go on premises in

the interest of or for the benefit, real or supposed, of the occupant, or in the matter of mutual interest, or in the usual course of business, or be on the premises in the performance of an official duty. See Chattanooga Warehouse & Cold Storage Co. v. Anderson, 141 Tenn. 288, 210 S.W. 153, 154; James M. Bass and Company v. Parker, supra; Smith v. Burks, supra; Green v. Crescent Amusement Co., 32 Tenn.App. 554, 223 S.W.2d 201. Cf. Restatement, Torts, 2d, Sec. 332, p. 59, and see Prosser on Torts (3rd Ed.), p. 396 et seq. and 2 Harper and James, The Law of Torts, Sec. 27.12, pp. 1478-1479, for a discussion of the broader and more generally accepted ''invitation test'' used to determine the status of a person on premises of another.

Even within this limitation, we think a jury reasonably could conclude from the above evidence that the plaintiff was an invitee while at Townsend Hall. We think the jury reasonably could find that Miss Wilson, in opening her dance recital to the public from whom she draws her students, did so for a business purpose and stood to reap an economic benefit from the presence of parents of her students and/or prospective students and other members of the public, such as the plaintiff, who would be in a position to extoll the virtues of Miss Wilson and her ability to train young students in the art of the dance. In short, the public graduation recital is an effective form of advertisement for the professional dance instructor.

There being evidence from which the jury reasonably could conclude that plaintiff was an invitee to whom Miss Wilson owed the duty to exercise ordinary care to see that Townsend Hall and its approach was in a reasonably safe condition, and there being evidence that

this duty had, in fact, been breached, we are of the opinion the trial judge erred in taking the issues of negligence, contributory negligence and proximate cause from the jury and in directing a verdict for the defendant Miss Wilson.

■ In the several remaining assignments of error, the plaintiff insists that the trial judge erred (1) in failing to allow an amendment to the declaration, and (2) in excluding evidence relating to the standard of care in lighting public buildings in the community. These assignments were discussed as one in the brief of the plaintiff, primarily on the issue as to whether evidence showing the recommended minimum standard of foot-candles of light as established by the Illuminating Engineering Society should have been admitted in evidence. Rule 12(3) of this court requires assignments predicated on the admission or exclusion of evidence to quote the substance of the evidence admitted or rejected, with citation of the record where the evidence and ruling may be found. Plaintiff has failed to do this either in her assignments or in her discussion of those assignments. Consequently, the assignments of error relating to the exclusion of evidence cannot be considered by us. Sullivan v. Crabtree, 36 Tenn.App. 469, 258 S.W.2d 782.

For the reasons above assigned, the judgment of the trial court is reversed and the cause is remanded for a new trial. Costs of the appeal are adjudged against the defendants, The Tennessee Wesleyan College and Helen A. Wilson. Costs in the trial court will await the outcome of the new trial.

McAmis, P. J., and Parrott, J., concur.