[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10144
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-01864 CV-ORL-28DAB

DART INDUSTRIES, INC.,

Plaintiff-Counter-Defendant-Appellee
Cross-Appellant,

versus

DAVID ACOR,
individually,

Defendant-Counter-Claimant
Cross-Appellee,

UNITED INVENTORY SERVICE, INC.,
d.b.a. UIS Polymers,

Defendant-Counter-Claimant-Appellant
Cross-Appellee.
_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(December 2, 2009)

Before MARCUS, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

After oral argument and careful consideration, we conclude that the judgment of the district court is due to be affirmed in all respects. With respect to United Inventory Service's ("UIS") counterclaim against Dart for negligence, we can assume arguendo that Dart retained a duty as owner of the building to maintain the fire suppression system, and we can even assume arguendo that Dart may have been negligent in that regard. However, UIS's negligence claim fails for several reasons, the most obvious of which is that there is insufficient evidence that an operational fire suppression system would have reduced UIS's losses.[1] In other words, UIS's negligence claim fails for insufficient evidence of causation. The only argument asserted on appeal by UIS to challenge the district court's insufficient evidence of causation holding is that the district court erroneously

---

[1] Actually, we believe that both Dart, as owner, and UIS, as tenant, had duties with respect to the fire suppression system. We agree with the district court that, under §4.1.5 of the relevant code, a duty was imposed upon UIS to evaluate the adequacy of the fire suppression system when it changed the usage of the building. Although this duty was imposed upon UIS, we doubt that it relieved Dart from the duties as owner imposed upon it by the same code. Thus, we believe that both parties had a duty. Although UIS's negligence with regard to its duty is clearer in the evidence than is Dart's, we can assume arguendo some negligence on the part of Dart. However, even assuming arguendo some negligence on the part of Dart, as landlord, a landlord is liable for harm resulting from a dangerous condition on the premises only if both the landlord could have discovered the dangerous condition through reasonable diligence, and the tenant injured as a result of the dangerous condition exercised reasonable care and diligence. Roberts v. Tenn. Wesleyan College, 450 S.W.2d 21, 24 (Tenn. Ct.App. 1969). Thus, wholly aside from UIS's failure because of the lack of causation, its claim would also have failed on account of its own negligence. For this same reason, UIS's claim that Dart was negligent in maintaining the electrical system fails. Moreover, we also believe UIS failed to adduce sufficient evidence that Dart was negligent in maintaining the electrical system.

excluded the testimony of Ken Bridges.   In that regard, we readily reject UIS's challenge.  We conclude that the district court did not abuse its discretion in concluding that Ken Bridges was purporting to testify with respect to scientific or technical matters, and thus did not qualify as a lay witness.   See United States v. Taylor, 17 F.3d 333, 338 (11th Cir. 1994).[2]

For the foregoing reasons, we reject all of UIS's arguments in its appeal.  We turn next to Dart's cross-appeal.

Dart argues that UIS is guilty of negligence per se because it failed to evaluate the fire protection system for its capability to protect the new use – i.e., storage of combustible materials – to which UIS was putting the building. Although we agree with Dart that the fire code imposed such a duty on UIS, and although we agree that UIS failed to discharge that duty, Dart's claim nevertheless fails because Dart conceded that there was insufficient evidence that an operational fire protection system would have reduced the losses suffered as a result of the fire.[3]

---

[2]     We also conclude that the district court did not abuse its discretion in denying the motion by UIS for a change of venue.  See Palmer v. Brown, 376 F.3d 1254, 1257 (11th Cir. 2004).

[3]     In its responsive brief on appeal, UIS apparently reads Dart's cross-appeal as asserting - in addition to its per se negligence claim – a common law waste claim.  As we have noted, any negligence claim based on UIS's failures with respect to the fire protection system fail for insufficient evidence of causation.  We are doubtful that Dart has fairly presented on appeal any claim for waste based upon any other action or omission of UIS.  Accordingly, we deem any

For the foregoing reasons, the judgment of the district court is affirmed in all respects.

AFFIRMED.

---

other such claim to have been abandoned.