IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 15, 2015 Session

## JEFFREY RICHARD PALMER v. BILL KEES

**Appeal from the Circuit Court for Anderson County**
**No. B3LA0021      Donald R. Elledge, Judge**

**No. E2014-00239-COA-R3-CV-FILED-JUNE 1, 2015**

The plaintiff tenant in this action rented an apartment from the defendant landlord. Attached to the apartment were a wooden deck and staircase leading to the ground below. The tenant filed suit against the landlord for injuries the tenant sustained when a board on the stairs collapsed, causing the tenant to fall. The trial court granted summary judgment in favor of the landlord because the tenant could not show that the landlord had knowledge of any dangerous condition on the leased premises. The tenant has appealed. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and BRANDON O. GIBSON, JJ., joined.

Kevin C. Angel, Oak Ridge, Tennessee, for the appellant, Jeffrey Richard Palmer.

P. Alexander Vogel, Knoxville, Tennessee, for the appellee, Bill Kees.

## OPINION

### I. Factual and Procedural Background

The plaintiff, Jeffrey Richard Palmer, filed the instant action on June 22, 2013, against the defendant, Bill Kees, who is Mr. Palmer's landlord. Mr. Kees leased an apartment to Mr. Palmer pursuant to a written lease dated March 1, 2011. Mr. Palmer asserted that on April 30, 2012, while he was descending a flight of stairs that led from the deck outside his apartment to the ground, a step broke and caused him to fall and injure himself. According to Mr. Palmer, the deck and steps were constructed a mere two days before he leased the apartment, but the wood had begun to warp and rot by the time

of his fall. Mr. Palmer stated that he suffered a torn ligament in his right leg and that his injuries were sufficiently severe to require surgical intervention, causing him to incur significant medical expenses.

In his complaint, Mr. Palmer alleged that he had informed Mr. Kees before his fall regarding his concerns about the condition of the steps, but Mr. Kees had assured him the stairs were safe. Mr. Palmer asserted that the stairs constituted a dangerous condition of which Mr. Kees was aware. Mr. Palmer further claimed that Mr. Kees was contractually obligated to maintain the stairs pursuant to the parties' lease. He averred in his complaint that Mr. Kees had been neglectful, negligent, and in breach of his contractual duty, resulting in injury to Mr. Palmer.

In response, Mr. Kees filed an answer, denying any liability. Mr. Kees stated in his answer that during the autumn of 2011, Mr. Palmer had pointed out some warped boards on the deck and stairs. Mr. Kees maintained that he immediately had the warped boards on the stairs and deck replaced. Mr. Kees thus stated that he had no knowledge of any ongoing problem with the stairs prior to Mr. Palmer's fall. Mr. Kees also generally denied Mr. Palmer's characterization of the language contained in the parties' lease. Mr. Kees subsequently filed a motion for summary judgment based on his lack of notice of the allegedly dangerous condition of the stairs.

Concomitant with the filing of his motion, Mr. Kees filed excerpts from Mr. Palmer's deposition. In his deposition, Mr. Palmer testified that he had informed Mr. Kees about problems with some boards on the deck. Mr. Palmer acknowledged, however, that he had not mentioned anything to Mr. Kees about the stairs prior to his fall. Mr. Palmer also stated initially that no repairs were made to either the deck or stairs prior to his fall.

Mr. Palmer subsequently filed a response to the motion for summary judgment, reversing his earlier position that no repairs had been made and asserting that Mr. Kees had negligently repaired the stairs in question. According to Mr. Palmer, Mr. Kees hired Jerry Ward to make repairs to the steps in the autumn of 2011. Mr. Palmer attached to his response Mr. Ward's deposition, wherein Mr. Ward testified that he had worked on the deck and stairs and replaced a few boards in the autumn of 2011. Mr. Ward described the boards as having been warped and "turned up" by the sun's heat.

According to Mr. Ward, although the deck and stairs were relatively new, they showed significant warping. Mr. Ward opined that the deck was in a "hot spot" where it received too much sunlight or that there was an issue with the wood used when the deck and stairs were constructed. According to Mr. Ward, the wood should have lasted a longer time before warping. Mr. Ward stated that he replaced the warped boards on the

deck and stairs at Mr. Kees's request, prior to Mr. Palmer's fall, at a time when Mr. Palmer was not at home. Mr. Ward was asked whether he was concerned about the state of the deck and stairs after his repairs, to which he replied, "It looked pretty good when I left it."

Following a motion hearing, the trial court granted summary judgment to Mr. Kees on January 21, 2014. In its final order, the court stated, *inter alia*:

> Came the parties on Friday, January 10, 2014, by and through counsel, for oral argument of the defendant's motion for summary judgment. After reviewing the record as a whole and hearing the argument of counsel, the Court hereby finds the motion well taken and thus the motion is **GRANTED**. The Court finds there are no genuine issues of any material fact in dispute. The Court finds that the proof in the record does not support that the defendant had notice of the dangerous condition. The defendant has, pursuant to TENN. CODE ANN. § 20-16-101 and TENN. R. CIV. P. 56, demonstrated to the Court that the defendant is entitled to judgment as a matter of law. It is so **ORDERED**. The defendant is hereby dismissed with full and final prejudice. Court costs shall be taxed to the plaintiff c/o his attorney below, for which execution may issue if necessary.

Mr. Palmer timely appealed.

## II. Issues Presented

Mr. Palmer presents one issue for our review, which we have restated slightly:

Whether the trial court erred by granting summary judgment in favor of Mr. Kees when there is a genuine issue of material fact regarding premises liability.

## III. Standard of Review

For actions initiated on or after July 1, 2011, such as the one at bar, the standard of appellate review for summary judgment delineated in Tennessee Code Annotated § 20-16-101 (Supp. 2013) applies. *See Sykes v. Chattanooga Hous. Auth.*, 343 S.W.3d 18, 25 n. 2 (Tenn. 2011). The statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

3

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101.

As our Supreme Court has explained:

The standards by which appellate courts customarily review decisions to grant or deny motions for summary judgment are well-known by the bench and bar. Summary judgments are appropriate in virtually every civil case that can be resolved on the basis of legal issues alone. They are not appropriate when genuine disputes regarding material facts exist. Accordingly, a summary judgment is appropriate only when the undisputed facts, and the inferences in the non-moving party's favor reasonably drawn from these facts, require granting a judgment as a matter of law to the party seeking the summary judgment.

Orders granting a summary judgment are not entitled to a presumption of correctness on appeal. Thus, appellate courts reviewing an order granting a summary judgment must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. The reviewing court must consider the evidence in the light most favorable to the non-moving party and must resolve all reasonable inferences in the non-moving party's favor.

*B & B Enter. of Wilson Cnty., LLC v. City of Lebanon*, 318 S.W.3d 839, 844-45 (Tenn. 2010) (internal citations omitted).

IV. Premises Liability Claim

Mr. Palmer contends that the trial court erroneously granted summary judgment to Mr. Kees regarding the claim of premises liability. As this Court has previously explained:

Generally, a landlord is not liable to a tenant or a third party for harm caused by a dangerous condition on the leased premises. *Hester v.*

4

*Hubbuch*, 26 Tenn. App. 246, 170 S.W.2d 922, 926 (1942); *Roberts v. Tennessee Wesleyan College*, 60 Tenn. App. 624, 450 S.W.2d 21, 24 (1969); *Whitsett v. McCort*, 1990 WL 123943, *4 (Tenn. Ct. App. W.S., filed August 28, 1990).

> The general rule of a landlord's non-liability is subject to several exceptions. One exception applies if the following facts are shown: (1) the dangerous condition was in existence at the time the lease was executed; (2) the landlord knew or should have known of the dangerous condition; and (3) the tenant did not know of the condition and could not have learned about it through the exercise of reasonable care. *Maxwell v. Davco Corp. of Tennessee*, 776 S.W.2d 528, 531-32 (Tenn. Ct. App. 1989). As a natural corollary of this exception, when a landlord and a tenant have co-extensive knowledge of the dangerous condition, the landlord is not liable to the tenant, or the tenant's employees, for injuries sustained as a result of the dangerous condition. *See id*. at 532.

> * * *

> Another exception to the general rule is implicated where the landlord has negligently repaired the premises, regardless of whether the landlord was under a contractual duty to make repairs or whether it simply undertook to make the repairs gratuitously. *Smith v. Tucker*, 151 Tenn. 347, 270 S.W. 66, 70 (1925).

*Lethcoe v. Holden*, 31 S.W.3d 254, 257 (Tenn. Ct. App. 2000).

As noted above, a landlord is generally not liable for injuries to a tenant which are the result of a dangerous condition on the leased premises. *See Lethcoe*, 31 S.W.3d at 257. Mr. Palmer avers that an exception applies in this case because (1) the original construction of the deck and stairs was defective and unsafe, based on Mr. Ward's testimony that the wood should not have warped as quickly as it did, and (2) the repairs performed by Mr. Ward were negligently done and did not remedy the dangerous condition of the stairs. As previously stated, we must consider the evidence in the light most favorable to Mr. Palmer and must resolve all reasonable inferences in Mr. Palmer's favor. *See B & B Enter.*, 318 S.W.3d at 844-45.

The first exception noted in *Lethcoe* may only be applied if the plaintiff can show: (1) the dangerous condition was in existence at the time the lease was executed; (2) the landlord knew or should have known of the dangerous condition; <u>and</u> (3) the tenant did not know of the condition and could not have learned about it through the exercise of

5

reasonable care. *See* 31 S.W.3d at 257. In the case at bar, Mr. Palmer has presented a dearth of evidence to show that there was a dangerous condition in existence with regard to the stairs at the time the lease was executed. Mr. Palmer also did not show that Mr. Kees could or should have had knowledge of any dangerous condition with regard to the stairs. In fact, Mr. Palmer's only testimony with regard to this issue was that he complained to Mr. Kees regarding warped boards on the deck and handrail at some point after he moved in to the apartment. Mr. Palmer acknowledged that when he executed the lease, the deck and stairs were newly constructed.

Mr. Palmer seeks to rely upon Mr. Ward's testimony regarding the warping of the wood to demonstrate that the deck was somehow negligently constructed or that defective materials were used. However, Mr. Ward's testimony was that while most of the wood on the deck and stairs appeared to be pressure-treated and should have lasted much longer without warping, the deck was in a "hot spot" and received an inordinate amount of sun damage. Mr. Ward's testimony did not establish any defects in materials or workmanship and certainly did not demonstrate that Mr. Kees would or should have had any knowledge of such issues. Viewing the facts in the light most favorable to Mr. Palmer, we conclude that he simply cannot demonstrate that this exception to the general rule should be applied to establish liability on the part of Mr. Kees in this instance.

Mr. Palmer also argues that when Mr. Ward undertook to repair the deck and stairs in the autumn of 2011, the repairs were negligently made and did not remedy the dangerous condition, thereby creating liability for Mr. Kees pursuant to the second exception noted above. *See Lethcoe*, 31 S.W.3d at 257. The only testimony regarding the actual repairs, however, was that of Mr. Ward, who stated that he replaced the warped boards on the deck and stairs. When asked about the condition of the deck and stairs after his repairs, Mr. Ward replied that they were "pretty good when I left [them]." Mr. Palmer presented no evidence to the contrary. Therefore, Mr. Palmer cannot demonstrate that this exception to the general rule of non-liability should be applied in this case.

As the trial court found, the uncontroverted evidence demonstrated that Mr. Kees had no knowledge of any dangerous condition with regard to the stairs at the time the lease was executed. Further, Mr. Ward testified that repairs to the stairs were made by him in the autumn of 2011 and that his repairs remedied any problem that existed at that time. Accordingly, neither of the exceptions upon which Mr. Palmer seeks to rely can be applied in this matter. We therefore must apply the general rule that a landlord is not liable for injuries to a tenant that are the result of a dangerous condition on the leased premises. *See Lethcoe*, 31 S.W.3d at 257. The trial court properly granted summary judgment to Mr. Kees on this issue.

## V.  Breach of Contract Claim

During oral argument, Mr. Palmer's counsel attempted to raise an issue regarding a claim of breach of contract, which claim was based on alleged language in the lease requiring Mr. Kees to maintain the leased premises in good repair.  However, Mr. Palmer did not raise or argue this issue in his appellate brief.  We conclude that  Mr. Palmer has waived this issue by failing to raise it in his appellate brief.  *See* Tenn. R. App. P. 27; *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Mabry*, 402 S.W.3d 654, 662 (Tenn. Ct. App. 2012) ("this argument is waived by Mr. Mabry's failure to properly raise the issue in his appellate brief"); *see also Regions Fin. Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 392 (Tenn. Ct. App. 2009).

## VI.  Conclusion

For the foregoing reasons, we affirm the trial court's grant of summary judgment to Mr. Kees.  We remand this case for collection of costs assessed below.  Costs on appeal are taxed to the appellant, Jeffrey Richard Palmer.


_____

THOMAS R. FRIERSON, II, JUDGE