IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 20, 2016 Session


**MAMIE D. FULLER v. JOAN C. BANKS, ET AL.**


**Appeal from the Circuit Court for Haywood County**
**No. 4057      Clayburn Peeples, Judge**

———————————————————

**No. W2015-01001-COA-R3-CV – Filed February 3, 2016**
———————————————————


This is a premises liability case.  Appellant had rented property from Appellees for approximately one year when Appellant was injured as a result of a fall when the railing along the stairs of the premises allegedly collapsed.  The trial court granted summary judgment in favor of Appellees based upon its conclusion that Appellees had negated the essential element of Appellant's claim that, in order for Appellees to have been negligent in the accident, any defect in the stairs or supporting structure must have existed at the time of the execution of the lease.  Discerning no error, we affirm and remand.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is**
**Affirmed and Remanded**


KENNY ARMSTRONG, delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and BRANDON O. GIBSON, JJ., joined.

Jennifer L. Miller, Memphis, Tennessee, for the appellant, Mamie D. Fuller.

Don G. Owens, III, Memphis, Tennessee, for the appellees, Henry T. Morris, Sr. and Joan C. Banks.


**OPINION**
**I. Background**


The material facts of this case are not in dispute.  At all relevant times, Appellant

Mamie Fuller rented one side of a duplex located at 681 Tamm Street in Brownsville, Tennessee (the "Premises"). Joan C. Banks and Henry T. Morris, Sr. (together, "Appellees") each own a one-half undivided interest in the Premises. Larry S. Banks, Joan Banks' husband and a practicing attorney, is responsible for managing and maintaining the Premises. Mr. Banks often employs contractors and handymen to work on the various properties he manages. On June 16, 2011, Ms. Fuller, who was approximately eighty-four years old at the time, suffered a fall as she was ascending the four steps to her front porch. Ms. Fuller was relying on the guardrail to pull herself up the stairs when the post that held the guardrail allegedly gave way causing her to fall backwards. In falling from the top step to the ground, Ms. Fuller sustained a broken right arm. Ms. Fuller claimed that, after she fell, she noticed loose bricks lying on the ground around her. These bricks were allegedly part of the foundation on which the post that held the stairs' railing was sitting. Following Ms. Fuller's fall, Mr. Banks called Ric Shoemaker, a licensed contractor and the owner of RES Construction, LLC, to repair the post and railing. According to his deposition, Mr. Shoemaker did not find any loose bricks and stated that he made no repairs to the brick foundation. Rather, on inspecting the stairs, railing, and post, it was Mr. Shoemaker's opinion that the post had most likely been hit by a vehicle. Mr. Shoemaker noted that the post "showed no signs of rotting," but that it was "pushed out towards the street . . . and you could see where it looked like a bumper had hit the post . . . ." Mr. Shoemaker could not give any information or opinion concerning when the post may have been hit and dislodged.

On June 4, 2012, Ms. Fuller filed the instant lawsuit against the Appellees. In her complaint, Ms. Fuller alleged that Appellees, their employees and/or agents, "were negligent in failing to adequately maintain the stability of the guardrail." Alternately, Ms. Fuller alleged that Appellees were negligent in their "failure to warn [her] of the possibility of injury" and/or in their "failure to conduct a reasonable inspection of the guardrail" so as to "maintain a safe environment . . . ." Ms. Fuller also asserted that Appellees "had or should have had actual and/or constructive notice of the dangerous and defective condition that caused [Appellant's] injuries." Ms. Fuller sought reimbursement of approximately $15,000 in medical expenses and compensatory damages in the amount of $150,000. On June 25, 2012, Appellees filed their answer, in which they denied any liability for Ms. Fuller's injuries. Appellees filed an amended answer on or about April 23, 2014, wherein they again denied any liability but specifically averred that

> assuming there was a dangerous condition [Appellees] further allege that [Appellant], being a tenant of the premises, was in a position of superior knowledge and control of the premises and was in the best position to be able to observe and detect any dangerous condition that had come to exist and said [Appellant] had a duty [to] exercise reasonable and ordinary care to detect such condition and to notify the [Appellees] of such condition so as to provide a reasonably safe place for herself and others. [Appellant] failed to do this and

said failure constituted negligence and said negligence was the direct and proximate cause of the accident . . . .

On May 29, 2014, Appellees filed a motion for summary judgment. In their statement of undisputed material facts, which was filed in support of the motion for summary judgment, Appellees stated that Ms. Fuller had lived in the duplex apartment since July 1, 2010. Appellees further stated that Ms. Fuller had never notified Mr. Banks of any problem with the Premises. Specifically, Appellees' statement of undisputed facts provides:

17. Whenever [Ms. Fuller] would go inside and outside her house, go indoors and outdoors, she would come out that front door and go down those steps. There was also a back door, but any time she would come in the front door or go out the front door to go outside, she would have to come out on that porch and go down those steps.
18. At no time prior to falling did Mamie Fuller notice anything wrong with the railing or the steps. At no time before she fell, did she ever call Mr. Banks to come look at the steps, the railing, or come fix the railing or the steps.
19. She would go in and out the front door every day several times, three or four times a day. She had to go out the front to get to her car. Every time she would go out the front door, [she] would always use the railing to lean on. Before she fell, she did not know that there was any kind of problem with the railing.

***

25. Ms. Fuller fell in the afternoon of June 16, 2011, around 5:30 p.m. She was coming up the steps when she fell. She had already been outdoors at least a couple of times that day. . . . On those two or three times that she had gone outside the house and come back in the house before she fell, she had used the post and the railing to go up and down. She had not noticed anything wrong with it. It did not feel unsteady to her and she had no problem with it. It was steady.

On July 25, 2014, Ms. Fuller filed a response in opposition to Appellees' motion for summary judgment. On July 28, 2014, the trial court held a hearing on the motion for summary judgment. The trial court granted the motion for summary judgment by order of May 13, 2015.

## II. Issues

Although Ms. Fuller raises three issues in her brief, we perceive that there are two dispositive issues, which we state as follows:

- 3 -

1. Whether the trial court made sufficient findings in its order granting summary judgment

2. Whether the trial court erred in granting Appellees' motion for summary judgment.

### III. Standard of Review

For actions initiated on or after July 1, 2011, such as the one at bar, the applicable standard of review for summary judgment is set out in Tennessee Code Annotated Section 20-16-101. *See Rye v. Women's Care Center of Memphis, MPLLC*, —— S.W.3d ——, ——, 2015 WL 6457768 at *11 (Tenn. Oct. 26, 2015). The statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101. The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is de novo with no presumption of correctness. *Rye*, —— S.W.3d at ——, 2015 WL 6457768 at *12; *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn.2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn.2010)). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Rye*, —— S.W.3d at ——, 2015 WL 6457768 at *12 (quoting Tenn. R. Civ. P. 56.04). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn.2014).

Concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56, our Supreme Court has explained:

We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] ... supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Matsushita Elec. Indus. Co***., 475 U.S. at 586, 106 S.Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

***Rye***, ⸺ S.W.3d at ⸺, 2015 WL 6457768 at *22.


## IV. Analysis

### A. Sufficiency of Trial Court's Order Granting Summary Judgment

Ms. Fuller contends that the trial court erred "by failing to state its grounds for its decision granting summary judgment and [in failing to] explain the factual and legal basis for its decision." Relying on the requirements set out in Tennessee Rule of Civil Procedure 56.04, Ms. Fuller argues, in her brief, that "[t]he trial court's decision granting summary judgment consists of two findings." Following review, we disagree with Ms. Fuller on this issue.

We note at the outset that Tennessee Rule of Civil Procedure 56.04 requires that a trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment. Tenn. R. Civ. Pro. 56.04. Rule 56.04 provides that the trial court must determine whether any genuine issue of material facts exists that would preclude the grant of summary judgment. *Id*. If such a genuine issue of material fact exists, the court is to deny the

- 5 -

motion. *Id*. Contrary to Ms. Fuller's argument, Rule 56.04 does not require that a trial court enter findings of fact in its order granting or denying summary judgment. *Id*.; Tenn. R. Civ. P. 52.01 ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 . . . .").

In its order granting summary judgment, the trial court stated the following regarding the legal grounds upon which it based its ruling:

> [T]he Court, taking the strongest legitimate view of the evidence in favor of the [Appellant], finds that [Appellees] in this case [have] established that no genuine issue as to a material fact exists, and that reasonable persons could reach only one conclusion when presented with the facts. The Court further finds that the opposing party, [Appellant], has not set forth facts establishing that a trial is necessary.
>
> The Court finds that the law governing the case is as follows: The common law of landlord liability in Tennessee has long been established. In this state, a landlord is liable to a tenant on the ground of negligence . . . for an injury resulting from an unsafe or dangerous condition of leased premises that was in existence at the date of the lease, if the landlord, by the exercise of reasonable care should have known, and for a greater reason, if he had actual knowledge of the condition of the premises; provided, however, that as of the date of the accident the tenant did not have knowledge, or could not by the exercise of reasonable care had had knowledge of such condition. . . . However, the landlord is not liable in tort for dangerous conditions on premises leased to the tenant arising after the delivery of possession to the tenant.
>
> The Court finds that [Appellant's] proffered evidence is insufficient to establish an essential element of [Appellant's] claim, that being that [Appellant] suffered an injury resulting from an unsafe or dangerous condition of leased premises that was in existence at the date of the lease, and further finds that [Appellees] presented affirmative evidence negating such proof of defect, that proof being that from the time of the lease's inception, July 1, 2010, up until the date of the accident that is the subject of this suit, [Appellant] utilized the suspect front steps and railing between two and four times daily, including two or three times on the day of the accident, and at none of these times found any unsteadiness, looseness or other problem with it. [Appellant] presented no evidence as to when the defect, if there was one, might have occurred.
>
> Thus, after taking the strongest legitimate view of the evidence in favor of [Appellant], allowing for all reasonable inference in favor of [Appellant] and discarding all countervailing evidence, this Court still finds that no

genuine issue of any material fact exists regarding the issue raised in [Appellees'] motion for summary judgment. Therefore, [Appellees'] motion should be granted.

As this Court noted in *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303 (Tenn. Ct. App. 2014):

> Tenn. R. Civ. P. 56.04 requires the trial court, upon granting or denying a motion for summary judgment, to state the grounds for its decision . . . Not only will this requirement assure that the decision is the trial court's, it will also (1) assure the parties that the trial court independently considered their arguments, (2) enable the reviewing courts to ascertain the basis for the trial court's decision, and (3) promote independent, logical decision-making.

*Id*. at 316-17 (citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 626 (7th Cir.1990); *State v. King*, 432 S.W.3d 316, 322 (Tenn.2014)). From the trial court's order and the record as a whole, we conclude that the trial court's order clearly states the legal grounds upon which it granted summary judgment, including its determinations that there is no dispute of material fact and that Ms. Fuller's evidence is insufficient to establish negligence on the part of Appellees. Accordingly, Ms. Fuller is not entitled to relief on this issue.

## B. Summary Judgment

In *Lethcoe v. Holden*, 31 S.W.3d 254 (Tenn. Ct. App. 2000), this Court discussed the applicable law concerning landlord liability as follows:

> Generally, a landlord is not liable to a tenant or a third party for harm caused by a dangerous condition on the leased premises. *Hester v. Hubbuch*, 26 Tenn. App. 246, 170 S.W.2d 922, 926 (1942); *Roberts v. Tennessee Wesleyan College*, 60 Tenn. App. 624, 450 S.W.2d 21, 24 (1969); *Whitsett v. McCort*, 1990 WL 123943, *4 (Tenn. Ct. App. W.S., filed August 28, 1990).
> The general rule of a landlord's non-liability is subject to several exceptions. One exception applies if the following facts are shown: (1) the dangerous condition was in existence at the time the lease was executed; (2) the landlord knew or should have known of the dangerous condition; and (3) the tenant did not know of the condition and could not have learned about it through the exercise of reasonable care. *Maxwell v. Davco Corp. of Tennessee*, 776 S.W.2d 528, 531–32 (Tenn. Ct. App. 1989). As a natural corollary of this exception, when a landlord and a tenant have co-extensive knowledge of the dangerous condition, the landlord is not liable to the tenant, or the tenant's employees, for injuries sustained as a result of the dangerous

condition. *See id*. at 532.

***Lethcoe***, 31 S.W.3d at 256.

Appellant first contends that the trial court erred in "judicially resolving the factual dispute over whether the landlord's railing constituted a dangerous condition that was in existence when [Appellant] moved into the leased premises." In moving for summary judgment, Appellees argue that the consistent use of the stairs for some eleven months after Appellees and Appellant entered into their lease negates a finding that there was some defect in existence at the time the lease was executed. ***Lethcoe***, 31 S.W.3d at 256 (citation omitted). Alternately, Appellees contend that, if the pole was hit by a vehicle at some time after the execution of the lease, they had no knowledge of any dangerous condition created by such a scenario. ***Id***. Furthermore, because Ms. Fuller had used the stairs several times without incident in the hours before her fall, Appellees contend that she "knew or should have known of the condition" or, at least, should be charged with "co-extensive knowledge" of any dangerous condition. ***Id.***

In opposing the motion for summary judgment, Ms. Fuller does not rely on any speculation that the pole was hit by a vehicle at some time after she executed the lease. Rather, the crux of Ms. Fuller's counter-argument rests on her deposition testimony. Therein, Ms. Fuller stated that the pole and railing had remained unchanged since she moved into the Premises and that she had encountered no difficulty in using the stairs and railing prior to her accident. In addition, Ms. Fuller testified that she noticed loose bricks after her fall. Relying on these facts, Ms. Fuller infers that the pole's foundation must have been defective the entire time she rented the Premises, i.e., "the dangerous condition was in existence at the time the lease was executed." ***Lethcoe***, 31 S.W.3d at 256 (citation omitted). Ms. Fuller argues that the lack of change in the position of the pole and/or railing prior to her accident, coupled with her recollection of displaced bricks following her fall, can only indicate that any defect in the pole, railing, or foundation existed at the time she moved into the Premises. Concerning Mr. Shoemaker's deposition testimony that he did not notice any loose or displaced bricks when he inspected the pole and railing, Ms. Fuller contends that this testimony at least creates a dispute of material fact concerning the existence of some defect in the foundation of the porch that existed at the time she executed the lease.

Even if we concede that there is a dispute of fact concerning whether any foundation bricks were displaced after the fall, not all factual disputes warrant denying a motion for summary judgment. Many factual disputes have no bearing on the ultimate outcome of parties' disputes; accordingly, factual disputes warrant denying a motion for summary judgment only when they are material. Tenn. R. Civ. P. 56.04 (requiring the moving party to demonstrate "that there is no genuine issue as to any material fact"). A factual dispute is material for purposes of a Tennessee Rule of Civil Procedure 56 motion if it must be decided

in order to resolve the substance of the claim or defense being tested by the summary judgment motion. ***Luther v. Compton***, 5 S.W.3d 635, 639 (Tenn. 1999). The evidence before the trial court was that there was no indication that there was any defect in the rail, pole, or foundation at any time prior to the accident. Ms. Fuller had never complained of any problem, nor had Appellees' inspections revealed any problems with the steps. Even if we take as true (which we must at the summary judgment stage) Ms. Fuller's testimony that she noticed loose bricks after she fell, but at no time prior, this fact is not material to the resolution of the question of the condition of the railing, pole, or foundation **at the time of the execution of the lease** some eleven months prior to Ms. Fuller's fall. In defending against summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Rye***, 2015 WL 6457768 at *22 (citation omitted). The nonmoving party must demonstrate the existence of specific facts in the record that could lead a rational trier of fact to find in favor of the nonmoving party. Here, the record is devoid of any proof that the stairs were defective at the time the lease was executed. The existence of loose bricks after the accident only evinces the condition of the foundation at that time, but not at any time prior. Furthermore, as set out in its order, the trial court specifically found "that [Appellees] presented affirmative evidence negating such proof of defect, that proof being that from the time of the lease's inception, July 1, 2010, up until the date of the accident that is the subject of this suit, [Appellant] utilized the suspect front steps and railing between two and four times daily, including two or three times on the day of the accident, and at none of these times found any unsteadiness, looseness or other problem with it. [Appellant] presented no evidence as to when the defect, if there was one, might have occurred." After reviewing the record, we agree that the fact that these stairs were used, without incident, for eleven months prior to the accident and were used, without incident, on the very day of the accident, negates Ms. Fuller's tenuous and non-material proof that the defect, if any, had existed during her entire tenancy, but had remained dormant until the day of the accident.

### V. Conclusion

For the foregoing reasons, we affirm the order of the trial court granting summary judgment in favor of the Appellees. We remand the case for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Mamie Fuller and her surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE