IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2019 Session

## GARY FISHER v. VILLAGES AT HENLEY STATION, LLC, ET AL.

**Appeal from the Circuit Court for Rutherford County**
**No. 72287    J. Mark Rogers, Judge**

_____

### No. M2018-01990-COA-R3-CV
_____

This appeal involves a slip and fall premises liability claim filed by a tenant against his landlord. The trial court granted summary judgment to the landlord because the tenant's evidence did not show that the allegedly dangerous condition was in existence as of the date of the lease or that the landlord had actual or constructive notice of the allegedly dangerous condition. The tenant appeals. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

R. Timothy Hogan, Murfreesboro, Tennessee, for the appellant, Gary Fisher.

J. Paul Brewer and Rachel M. Casias, Nashville, Tennessee, for the appellees, Villages at Henley Station, LLC, and Lifestyle Property Management, LTD.

### OPINION

#### I.    FACTS & PROCEDURAL HISTORY

Plaintiff Gary Fisher filed this lawsuit against Villages at Henley Station, LLC, and Lifestyle Property Management, LTD, alleging premises liability from "a slip and fall accident." The two defendants are, respectively, the owner and property manager of an apartment complex in Murfreesboro, Tennessee. Plaintiff is a former tenant who resided in a townhouse in the apartment complex. According to his complaint, the "slip and fall accident" at issue occurred on or about January 2, 2016. Plaintiff alleged that he was attempting to walk down the stairs inside his townhouse when he "tripped and fell on the plank of wood located at the very top of the steps, which was not connected properly and the plank of wood became completely disconnected from the stairs." Plaintiff

alleged that Defendants had actual or constructive knowledge of this condition prior to his fall. Plaintiff asserted that Defendants failed to repair or warn him of the defective stair, thereby creating a dangerous condition that "was not visible or discoverable to Plaintiff."

Defendants filed an answer, and discovery ensued. Thereafter, Defendants filed a motion for summary judgment, arguing that Plaintiff could not come forward with sufficient evidence to prove the elements of his claim. Specifically, Defendants contended that Plaintiff was unable to prove that the allegedly dangerous condition was present when the lease was signed or that Defendants had knowledge of any allegedly dangerous condition.

In support of its motion, Defendants submitted the affidavit of Meagan Schreffler, its regional manager and property manager for all apartments and townhouses in the rental community. According to Ms. Schreffler, Plaintiff had leased the townhouse on November 20, 2015, less than two months before the alleged fall on January 2, 2016. The townhouses were fairly new, having been constructed eight to nine months before Plaintiff signed the lease. Plaintiff was the first tenant to occupy this particular townhouse. Ms. Schreffler stated that the day before Plaintiff executed the lease, she and Plaintiff conducted a walkthrough of the townhouse, and neither of them observed any damage to or defective condition of the stairs. Ms. Schreffler further testified that neither she nor any other employee of Defendants had knowledge of any potential dangerous condition regarding the stairs until Plaintiff reported his fall on January 7. Ms. Schreffler stated that Plaintiff failed to complete and return the post-move-in checklist identifying any items in the unit as being damaged or defective, and he had not submitted any work orders or requested any repairs regarding the stairs. As a result, according to Ms. Schreffler, neither she nor anyone else associated with Defendants had entered the premises. Finally, Ms. Schreffler noted that no other tenant residing in the rental community had made any complaints or had any issues with the stairs in other units prior to or after the date of Plaintiff's fall.

Defendants also submitted excerpts from Plaintiff's deposition, at which he testified that he had never noticed any problem with the stairs before the fall. Plaintiff had used the stairs "many times" without issue while moving in, moving things upstairs and downstairs, etc. Plaintiff never reported any problem with the stairs to the landlord. He was not aware of any other tenants having a problem with the stairs in other units either. Defendants also submitted a statement of undisputed facts. Plaintiff admitted that he did not recall any damage to the stairs at the time the lease was executed. He did not experience any issues with the stairs from the time the lease was executed on November 20, 2015, until the date they allegedly broke on January 2, 2016.

In response to Defendants' motion for summary judgment, Plaintiff submitted his own affidavit and the affidavit of another individual, who witnessed his fall. Plaintiff's

affidavit stated that he "was not aware of the defect in the steps which caused my fall, as it was not open and obvious." The second individual's affidavit stated that she witnessed the fall suffered by Plaintiff and that the fall was caused by a "loose piece of wood on the staircase." She added, "The loose piece of wood was not visibly open and obvious, when the fall occurred." Plaintiff submitted an additional statement of undisputed facts, which stated that Plaintiff was not aware of the defect because it "was not an open and obvious danger," as the loose piece of wood "was not visibly open and obvious." Defendants admitted these facts for purposes of summary judgment.

Plaintiff insisted that a genuine issue of material fact remained as to whether the defect existed when the lease was executed and whether Defendants knew or should have known about it. Plaintiff pointed to the short duration of his occupancy in the townhouse before the fall, the fact that he was the first tenant to reside there, the fact that the property manager had entered the townhouse at least once before he leased it, and the fact that Defendants had "control" of the premises before the lease was executed. At the same time, Plaintiff insisted that he had no knowledge of the condition "and could not have learned about it through the exercise of reasonable care."

The trial court held a hearing on the motion for summary judgment on September 6, 2018. At the conclusion of the hearing, the trial judge announced his oral ruling in favor of Defendants. First, the trial judge found no proof to indicate that the allegedly dangerous condition was in existence when the lease was executed. The trial judge noted that the property manager walked through the townhouse the day before the lease was executed, and she did not see any dangerous condition. Secondly, the trial court found that Defendants had no knowledge of the allegedly dangerous condition. The trial court noted that Plaintiff did not notice the dangerous condition before the day of the fall either, despite going up and down the staircase and actively using it for a month and a half after signing the lease. As a result, the trial court found that Plaintiff had insufficient proof to establish the necessary elements to hold a landlord liable for his injuries under Tennessee law. On October 4, 2018, the trial court entered its order granting summary judgment to Defendants. Plaintiff timely filed a notice of appeal.

## II. ISSUE PRESENTED

On appeal, Plaintiff argues that the trial court erred by granting Defendants' motion for summary judgment. For the following reasons, we affirm the decision of the circuit court.

## III. STANDARD OF REVIEW

Appellate courts review a trial court's decision on a motion for summary judgment de novo with no presumption of correctness. *Kershaw v. Levy*, 583 S.W.3d 544, 547 (Tenn. 2019) (citing *Beard v. Branson*, 528 S.W.3d 487, 494-95 (Tenn. 2017)). On

appeal, we must "make a fresh determination about whether the requirements of Rule 56 have been met." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 887 (Tenn. 2019). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

A moving party who does not bear the burden of proof at trial can meet its burden of production "'either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.'" *TWB Architects, Inc.*, 578 S.W.3d at 887 (quoting *Rye v. Women's Care Ctr. of Memphis*, 477 S.W.3d 235, 264 (Tenn. 2015)). Then, "'[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *Id.* at 889 (quoting *Rye*, 477 S.W.3d at 265). We accept the evidence presented by the nonmoving party as true, allow all reasonable inferences in its favor, and resolve any doubts about the existence of a genuine issue of material fact in its favor. *Id.* at 887.

## IV. DISCUSSION

"Generally, a landlord is not liable to a tenant or a third party for harm caused by a dangerous condition on the leased premises." *Lethcoe v. Holden*, 31 S.W.3d 254, 256 (Tenn. Ct. App. 2000) (citing *Hester v. Hubbuch*, 26 Tenn. App. 246, 170 S.W.2d 922, 926 (1942); *Roberts v. Tenn. Wesleyan College*, 60 Tenn. App. 624, 450 S.W.2d 21, 24 (1969); *Whitsett v. McCort*, 1990 WL 123943, *4 (Tenn. Ct. App. Aug. 28, 1990)). Thus, "the general rule in Tennessee is that a landlord is not liable for injuries to tenants caused by a dangerous condition on the leased premises; this rule is inapplicable only when an exception has been met." *Jones v. Jenkins*, No. M2008-01911-COA-R3-CV, 2009 WL 1871868, at *6 (Tenn. Ct. App. June 29, 2009). One such exception applies if three elements are shown: "(1) the dangerous condition was in existence at the time the lease was executed; (2) the landlord knew or should have known of the dangerous condition; and (3) the tenant did not know of the condition and could not have learned about it through the exercise of reasonable care." *Lethcoe*, 31 S.W.3d at 256 (citing *Maxwell v. Davco Corp. of Tennessee*, 776 S.W.2d 528, 531-32 (Tenn. Ct. App. 1989)). Plaintiff claims that the circumstances of his case fall under this exception, and therefore summary judgment was not appropriate. We disagree.

In this case, the uncontroverted evidence demonstrated that Defendants had no knowledge of any dangerous condition with regard to the stairs. Plaintiff alleged in his complaint that a piece of wood "was not connected properly" and "became completely disconnected from the stairs." However, the proof showed that Defendants' regional manager conducted a walkthrough of the townhouse with Plaintiff before he executed the

- 4 -

lease, and neither identified any defective condition on the stairs at that time. According to the regional manager, neither she nor any other agent or employee of Defendants had knowledge of any potential danger involving the stairs. No other tenant had made any complaints or had any issues with the stairs in other units. Plaintiff resided in the townhouse for roughly a month and a half, using the stairway "many times," and he never noticed any problem or experienced any issues with the stairs before his fall. Plaintiff's own proof establishes that "[t]he loose piece of wood was not visibly open and obvious, when the fall occurred." Thus, the evidence presented simply does not support Plaintiff's allegation that Defendants had constructive knowledge of the dangerous condition of the stairs.

As the trial judge aptly noted, the evidence demonstrates that Plaintiff had no knowledge of the dangerous condition, but neither did Defendants, based on the proof in the record. As such, summary judgment was appropriate because Plaintiff does not have sufficient evidence to prove an essential element of his claim. *See, e.g.*, *Palmer v. Kees*, No. E2014-00239-COA-R3-CV, 2015 WL 3465759, at *1-3 (Tenn. Ct. App. June 1, 2015) (affirming summary judgment for a landlord when the tenant claimed that "a board on the stairs collapsed, causing the tenant to fall," but the tenant did not show that the landlord "could or should have had knowledge of any dangerous condition with regard to the stairs"). The law "'does not place upon the landlord the obligation of an insurer or warrantor by contract, nor does it impose the extreme duty of constant care and inspection, but only reasonable care and diligence; and like reasonable care and diligence are required of the tenant.'" *Arzanzarrin v. Johnstown Properties, Inc.*, No. 01-A-01-9406-CV-00259, 1994 WL 672675, at *3 (Tenn. Ct. App. Dec. 2, 1994) (quoting *Jolly Motor Livery Corp. v. Allenberg*, 221 S.W.2d 513, 515 (Tenn. 1949)).

Our conclusion regarding this element of Plaintiff's claim renders it unnecessary to address the other elements on appeal. *See Cotten v. Wilson*, 576 S.W.3d 626, 637 (Tenn. 2019) ("[I]n seeking summary judgment, it is enough for a party to negate one element of a claim; it is not necessary that every element be negated.") (quotation omitted); *Stillwell ex rel. Stillwell v. Hackney*, No. M2005-02218-COA-R3-CV, 2006 WL 3813631, at *2 (Tenn. Ct. App. Dec. 27, 2006) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.") (quotation omitted).

## IV. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby affirmed and remanded. Costs of this appeal are taxed to the appellant, Gary Fisher, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE